W. F. HAMILTON, SHERIFF, ETC., v. N. E. BOOTH.

HUSBAND AND WIFE.  *Crop on his land, produced by her.  Belongs to whom.*
  Although, under our statutes, a married woman is entitled to the fruits of her
    labor, yet, where a crop is produced on land of which the husband is lessee,
    by labor employed by the wife and paid with her money, it belongs to the
    husband, and may be subjected to the payment of his debts. 'And, if the
    husband bestow his 'skill and labor upon the land of his wife, the products;
    thereof will belong to the wife, as accretions of her property.

ERROR to the Circuit Court of Carroll County.

Hon. WILLIAM COTHRAN, Judge.

The case is stated in the opinion of the court.

*T. H.' Somerville*, for the plaintiff in error.

1. The wife cannot, as against a judgment-creditor, appropriate the fruits of her husband's labor simply because her mules were used in making the crop, and she furnished supplies to the laborers till June 1st. There was no consideration for his giving her the fruits of his labor. If regarded as a voluntary gift, it was void as against his creditors, he being insolvent; and if it were the fact that he was supported by his wife, that would form no consideration. The law will not permit a person to live at the expense' of his creditors. 1 Bishop's Mar. Wom., sec. 759; 15 Vt. 252, 257. The correct rule of construction as to the rights of married women is that the statutes shall not be construed to permit husband and wife to contract with each other, so as to establish against either a claim or demand in favor of the other for hire, labor, or services performed. Acts 1876, p. 261.

2. A debtor cannot deprive himself of the ability to pay his debts by voluntarily and gratuitously giving away the fruits

of his labor, and that of his children, to a third person — even to his wife. The arrangement for such a purpose is a fraud upon the rights of judgment-creditors.

3. Cotton is not included in the provisions of section 1779 of the Code of 1871, which defines the sole property of married women. It cannot be considered the "rents, issues, profits, or income of her property. These statutes in reference to the rights of married women, being in derogation or the common law, are to be construed strictly. But even if it be admitted that the defendant in error has any interest in, or claim upon, the cotton in controversy, her remedy is in equity, and not by replevin at law. Holton v. Binns, 40 Miss. 491.

W. B. Helm, for the defendant in error.

1. It is contended that the cotton in controversy is not the separate property of the defendant in error. I ask, Why? The wife's mules and her money, with what labor she hired, produced the crop, in a great degree. The husband assisted somewhat; but he was also supported. Were his services worth more than his labor? and, if so, how much more?

2. It was claimed on the trial — and, I suppose, will be claimed here — that Booth's creditors are entitled to the net earnings of his sons, on the ground that the child's earnings belong to his father. Does our law create a lien in favor of the creditor on the children of the debtor, so as to entitle the former to whatever the child earns? If so, will not the creditor have the right to hire out the child and compel him to work, if the father fails to make him remunerative?

CHALMERS, J., delivered the opinion of the court:

Certain judgment-creditors of W. A. Booth caused execution to be levied upon the cotton in controversy, as his property. Thereupon his wife sued out her writ of replevin, claiming it as belonging to herself.

It seems to have been produced under the following circumstances: It was grown upon a tract of land leased by the husband from a relative, the only rent charged or paid consisting

of repairs upon the houses and fences. It was produced by the labor of the husband, his two minor sons, and a laborer, the latter of whom received a part of the crop as wages, and who claims no interest in this controversy. The mules of the wife were worked in its cultivation. Her money was used on the farm until June, when it became exhausted, after which supplies were obtained upon a mortgage on the crop, executed by the husband in his own name, but which, the parties testify, was executed by him as agent of the wife. Both husband and wife testify that it was considered during the year as the wife's crop, and that she employed and paid some day laborers who worked for a few days in its cultivation.

To whom does the cotton belong in law? We must regard the husband, under the proof, as being the owner of the term in the land, and this, we think, fixes the title of the product.

Creditors have no lien upon the labor or skill of the husband, and no means of compelling him to work for them; but if he does labor and produce property, it becomes liable to his debts, unless exempt. So, also, with the labor of his minor sons. As father, he may claim their earnings, or emancipate them, as he pleases, and, if he adopts the latter course, creditors cannot complain, because they have no right to demand that the children of their debtor shall be compelled to work for their benefit. But if the father does not emancipate them, but, on the contrary, claims and retains their labor for himself, the fruits of it will belong to him, and, hence, will be liable to the demands of his creditors. Upon the same principle a husband may devote his time and skill to the management of his wife's farm, and the products will belong wholly to the wife, because they are but the accretions of her property, and he has a right to give her his labor. So, also, if the wife, although she is, under our statute, entitled to the fruits of her own labor, devotes that labor to the cultivation of crops on her husband's land, she is simply producing property for him, which will be subject to the attacks of his creditors. If she suffers her money or her work-animals to be used, she

becomes to that extent his creditor, and might, under some circumstances, be entitled to rank as a preferred creditor in a court of equity, but she cannot thereby affect the legal title of the crop produced.

It belongs to the husband, because grown on his land. To permit husband and wife to alter this manifest legal consequence, by any understanding between themselves that a crop produced upon his land by the labor of himself and minor sons shall be considered as her property, by reason of the use of her mules or money, would open wide the door to frauds upon creditors. *Gage* v. *Dauchy*, 34 N. Y. 293; *Knapp* v. *Smith*, 27 N. Y. 278; *Rush* v. *Vought*, 55 Penn. 437; *National Bank* v. *Sprange*, 20 N. J. Eq. 14; *Quidort* v. *Pergeaux*, 18 N. J. Eq. 473; *Pawley* v. *Vogel*, 42 Mo. 292; *Glidden* et al. v. *Taylor*, 16 Ohio St. 509.

Judgment reversed and cause remanded.