APPLEGATE & SONS *v.* H. M. TAYLOR, GARNISHEE.

HUSBAND AND WIFE. *Her contract. Executed by him. The earnings hers.*
> M., a plasterer, made an agreement to do some plastering for T., a contractor; but the latter required a bond for the faithful performance of the work, and M., being insolvent, could not give it. Mrs. M., who owned separate property, then executed a bond, with a good surety, for the performance of the work; and it recited that the contract was made between her and T. The surety on the bond furnished the money, on Mrs. M.'s credit, necessary in the performance of the work. But the work was done under M.'s directions, and a con-

siderable portion of it by him in person. His wife did nothing in connection with it. M.'s creditors garnisheed T. as his debtor. *Held*, that T. is the debtor of Mrs. M., and not of her husband, because it was on her credit and by her means that the contract was made and performed.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

Taylor had a contract to build an addition to the Lunatic Asylum. McLaughlin, who was a plasterer, applied for the contract to do the plastering, and Taylor agreed to give him the job, but required him to execute a bond, with security, for the faithful performance of the work. The bond was prepared with McLaughlin's name in the body thereof, as principal. McLaughlin, accompanied by Taylor, applied to Odeneal to become the surety on the bond. Odeneal declined to become his surety. McLaughlin was utterly insolvent. McLaughlin then proposed that his wife would take the contract and execute the bond, and Odeneal agreed to sign the bond as her surety. Mrs. McLaughlin's name was inserted in the body of the bond, in place of her husband's. The bond was taken to her and signed by her, and then Odeneal signed it. It recited that the contract was made with Mrs. McLaughlin. Taylor never saw her in reference to the matter, at all. The plastering was done under McLaughlin's directions, and a considerable portion of it by him. His wife did nothing in connection with it. Odeneal furnished, on Mrs. McLaughlin's credit, the money to pay for the materials used in the work, and to pay the hands employed. The plaintiffs in error, judgment-creditors of McLaughlin, garnished Taylor. There was a balance due on the contract for plastering, but Taylor answered that he did not owe McLaughlin any thing. His answer was traversed, the issue was submitted to the court, and the finding was for the garnishee.

*M. Green*, for the plaintiffs in error.

1. My theory of the facts of this case is, that Mrs. McLaughlin was a mere figure-head, and that the real contractor was McLaughlin.

2. There is no statute in this State enabling a married woman to borrow money to invest in business. Sect. 1780 of the Code of 1871 authorizes her to use the estate which the law has given her, in business, but it never intended that a married woman without an estate might borrow money to go into business.

3. But even if the contract was, in form, with Mrs. McLaughlin, and based upon her credit, it was executed by the labor and skill of her husband; and can she claim the money arising therefrom, against the judgment-creditors of her husband? The authorities answer in the negative. *Wilson* v. *Loomis*, 55 Ill. 354; *Wortman* v. *Price*, 47 Ill. 22; *Penn* v. *Whitehead*, 12 Gratt. 80; *Keeny* v. *Good*, 21 Pa. St. 354; *Buckley* v. *Wells*, 33 N. Y. 518; 44 N. Y. 345; *Hamilton* v. *Booth*, 55 Miss. 62; 16 Ohio St. 519; 42 Mo. 299.

*Harris & George*, for the defendant in error.

Mrs. McLaughlin had a separate estate, and, under our statute, had the right to " employ it in trade or business." Code 1871, sect. 1780. There can be no doubt that the undertaking of such a contract as the one under consideration is both a " trade and business." The husband may give to his wife his time and skill in the management of her business, and this creates no right in him to a share, even, in the proceeds. *Hamilton* v. *Booth*, 55 Miss. 60. Certainly, McLaughlin could not rightfully claim the money in question; and his creditors cannot, unless their right is superior to his. They have no such interest in his skill and labor as prevents him from donating them freely.

CAMPBELL, J., delivered the opinion of the court.

The garnishee was the debtor of Mrs. McLaughlin, and not of her husband, because it was on *her* credit and by *her* means that the contract was made and performed; and, although her husband did part of the work, and directed all of it, that did not deprive her of her right to claim pay for the performance of the contract she had made, and given security to perform, and

which, but for her, would not have been made, and which was fulfilled chiefly by her credit and means. *Hamilton* v. *Booth*, 55 Miss. 60.

Judgment affirmed.