[No. 688.]

## PETER DARRENBERGER, RESPONDENT, *v.* ELIZABETH HAUPT, APPELLANT.

HUSBAND AND WIFE—PROPERTY OF, HOW GOVERNED.—The rights of husband and wife to property acquired before the adoption of the Constitution of this State, and before the passage by the legislature of any statute providing for the separate or common property of husband and wife, must be governed by the rules of the common law.

STATUTE OF MARCH 7, 1865, NOT RETROSPECTIVE.—The act of March 7, 1865 (Stat. 1864–5, 239), did not operate retrospectively so as to affect the rights or interests of husband and wife to property previously acquired.

DIVORCE—WHEN IT AFFECTS INDIVIDUAL PROPERTY.—It was the intention of the legislature by the act of March 7, 1865, that in case of a divorce for the misconduct of the husband, other than imprisonment or adultery, his individual or sole property should be subject to the order of the court, as provided in section 27.

APPEAL from the District Court of the Third Judicial District, Lyon County.

The facts are stated in the opinion.

*Williams, Bixler & Stone,* for Appellant.

I. If the property in question was the common property of the defendant and her late husband, the assignor of plaintiff, one-half thereof belonged absolutely to her, and upon the dissolution of the community by the decree of divorce, the husband lost the right to dispose of the same as community property, and hence his disposition of the same to the plaintiff after his divorce from the defendant was invalid as against her, and the verdict should have been for the defendant, either for the whole or at least one-half of the property. (*Godey* v. *Godey,* 39 Cal. 164–5.)

II. If the plaintiff, as the assignor of the divorced husband, acquired any interest in the property, he holds the same, treating it as the property of the community, merely as tenant in common with the defendant, who would have, equally with him, the right to the possession thereof, and hence this action cannot be maintained. (2 Selwyn N. P., star page 1376; *Gilbert* v. *Dickerson,* 7 Wend. 449; *Konigsburg* v. *Launitz,* 1 E. D. Smith, 215; *Russell* v. *Allen,* 13 N. Y. 173.)

III. By the statute of 1861, page 98, section 25, all property not disposed of or regulated by the decree of the court granting the divorce, is divested out of the guilty party and vested in the party at whose instance the divorce is granted. In this case the decree of divorce does not dispose of or regulate the property in question, and hence, by virtue of the law, the whole of it vested in the defendant, and the verdict should therefore have been for the defendant.

*Will Campbell,* for Respondent.

The case of *Godey* v. *Godey* (39 Cal. 164–5), is not similar in principle to the one at bar. In the California case, no common property is recited in the complaint, none prayed to be set apart, and none allowed in the decree. In the present action appellant, in her action for divorce, prays that specific property be set apart for her sole use, and the decree of divorce so orders. Aside from this, Haupt had

the right to dispose of the common property, and appellant acquired no higher or different title after divorce than she had during marriage. There can be no community property after decree of divorce granted.

By the Court, EARLL, J.:

This action was brought by plaintiff to recover possession of a certificate of the capital stock of the Dayton Silver Mining Company, representing five shares of said capital stock, or, for its value in case a delivery cannot be had. The plaintiff claims the stock as the assignee of one Casper Haupt, the divorced husband of the defendant; and the defense interposed is, that the mining stock was the common property of the defendant and her late husband, and that by the decree dissolving the marriage between them, and by operation of law consequent thereon, the whole, or at least one-half of the stock then vested in and still remained the property of defendant. Whether the mining stock in controversy was such common property, is the first question in the case. Casper Haupt and defendant intermarried at St. Louis, Missouri, in the year 1848, and afterwards removed to this State and engaged in the business of keeping a saloon and boarding-house. The husband purchased the certificate of stock in question, on or about the 4th of June, 1864, and paid therefor about the sum of fifty dollars from the proceeds of their joint earnings while engaged in the said business. The certificate of stock was acquired before the adoption of the Constitution of this State, and before the passage by the legislature of any statute providing for the separate or common property of husband and wife; hence their rights to the property in question must be governed by the rule of the common law. At common law the existence of common property is not recognized in the marital relation. By the marriage, the legal existence of the wife is suspended or incorporated into that of the husband; she becomes *sub potestate viri;* is incapable of holding any personal property, or of having the use of any real estate; her earnings belong to her hus-

band, and he is liable for her support. (1 Bla. Com. 441; 2 Id. 443; 2 Kent, 112; Schoul. Dom. Rel. 111, *et seq.*) It follows, therefore, that the money paid by the said Casper Haupt for the mining stock in question, belonged to him, and the stock when so purchased vested in him as his sole property; nor was his right or title thereto affected by any subsequent law.

The only statute enacted by the legislature prior to the decree dissolving the marriage relation between the defendant and her husband, providing for the common property of husband and wife, was passed March 7, 1865. (Stats. 1864–5, 239.) This statute, however, did not operate retrospectively so as to affect the rights or interests of husband and wife to property previously acquired; nor did the legislature intend to give to it such operation, but, on the contrary, by the fifteenth section of the act, expressly limited its provisions to property acquired after its passage. But it is urged on the part of the defendant, that under section 25 of the "Act regulating marriage and divorce" (Stat. of 1861, 98), that upon the divorce, the husband being the guilty party, and the property in controversy not having been disposed of or regulated by the order of the court, was, by virtue of the divorce and operation of law, divested out of the said Casper, and vested in the defendant. That section reads as follows: "In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children. And all property and pecuniary rights and interests, and all rights touching the children, their custody and guardianship, not otherwise disposed of or regulated by the order of the court, shall by such divorce be divested out of the guilty party and vested in the party at whose instance the divorce was granted." * * * If it was necessary to interpret this section independent of other provisions of the act, and in view of the fact that the

property rights and interests of husband and wife were then governed by the common law, and that the only property in which they could acquire respective rights or interests was such as must necessarily be acquired through the wife, it might be implied that the legislature intended its application to all property rights and interests existing in either spouse at the time of granting the divorce. But it is provided by section 27 of the act, that "when the marriage shall be dissolved by the husband being sentenced to imprisonment, and when a divorce shall be ordered for the cause of adultery committed by the husband, the wife shall be entitled to the same proportion of his lands and property as if he were dead; but in other cases the court shall set apart such portion for her support and the support of their children, as shall be deemed just and equitable." These two sections can be harmonized only upon the theory that the legislature intended that in case of a divorce for the misconduct of the husband, other than imprisonment or adultery, his individual or sole property should be subject to the order of the court, under the provisions of section 27; and the court having made no order in respect to the property in question, it follows that the title and right of disposal of the same continued in the husband after, the same as before the divorce, and remained unaffected thereby; and that his transfer thereof to the plaintiff vested in him the title and right of possession thereto.

The judgment of the court below is therefore affirmed.