IN THE MATTER OF THE ESTATE OF FRANK G. HIGGINS, DECEASED.

HUSBAND AND WIFE—COMMUNITY AND SEPARATE PROPERTY.—Real estate purchased by the husband, in this State, after marriage, with money accumulated in the State of Illinois during the marriage, by the ordinary use and management by him of property which he owned at the time of the marriage, is not community property, but separate property of the husband.

APPEAL from an order of the Superior Court of Santa Barbara County refusing to set aside a homestead.

The facts are stated in the opinion of the court.

*R. B. Canfield*, for Appellant.

The money with which the land in controversy was purchased, was acquired under circumstances which, according to the law of this State, would render it all community property. (*Smith* v. *Smith*, 12 Cal. 216.) Though acquired in another State by a resident there, it will be so regarded here unless the law there fixed upon it the character of the class of property here called "separate." (Civ. Code, § 687.) The law of Illinois did not do this, but impressed upon it the substantial incidents of what we call community property, and the law which looks to the substance will so regard it. (*Kraemer* v. *Kraemer*, 52 Cal. 302.)

*Paul R. Wright*, for Respondent.

If the position of counsel for appellant be correct, then there is and can be no such thing as separate property of the husband under the laws of Illinois, but all the property owned by the husband at the time of marriage, or acquired in his name after-

wards, is community property. Is this doctrine recognized by the courts of Illinois? Counsel cites no authority to that effect. As a matter of fact, there is no authority to sustain his position. It is a novel proposition unsupported by authority, and, in my judgment, unsupported by reason.

Counsel for appellant says: "The money with which the land in controversy was purchased, was acquired under circumstances which, according to the law of this State, would render it all community property." This is clearly erroneous, and precisely the contrary is true. (*Lewis et al.* v. *Johns*, 24 Cal. 98.) But even if it were as stated, that fact could make no difference in this case, because the character of the property is governed by the law of Illinois.

MYRICK, J. — The widow of deceased petitioned the court below to set apart a homestead to her own use, absolutely, out of the real estate, averring that the said real estate was community property of herself and her said husband. The father and mother of deceased (he leaving no issue) contested the petition, averring that the property was the separate property of the deceased. The court, as conclusion of law, found the property to be separate property of deceased, and refused to set apart a homestead except for a limited period. From this order the widow appealed.

The facts as to the property are as follows: The said Frank G. Higgins, and the petitioner, then residents of Illinois, intermarried in that State in February, 1880. At that time he was the owner of a farm in Illinois, and of stock and farming utensils thereon, and other personal property. From the time of the marriage they resided on the farm, and he tilled and cultivated the same, and raised live stock thereon, and purchased live stock, which he raised and fattened with the products raised by him on the farm, and from time to time sold portions of such live stock and of the products raised by him on said farm. Subsequent to the marriage, he expended large sums of money in the construction of a dwelling and other buildings and improvements on the farm. In November, 1882, decedent sold the said farm and personal property, with the buildings and improvements, and the increase and profits of said property

and of the labor and industry of decedent, and converted the same into money, and removed to this State, and purchased, and out of said money paid for, the real property mentioned in the petition herein.

The findings of the court below state the law of Illinois regarding the right of the widow to share in the property of her deceased husband; it is not necessary, for the purposes of this appeal, to consider the law of that State as it relates to heirship, and does not appear to have the distinction as between separate and community property appearing in the laws of this State.

It is sufficient to say that it does not appear, even when measured by the law of this State, that the real estate mentioned in the petition was community property. It does not appear what part, if any, of the purchase money was the product of the labor or industry of the decedent after the marriage. It does not appear (the case being here on the findings and order) that the petitioner offered to show what portion, if any, of the purchase money was earned by her husband during the coverture. On the contrary, it would seem from the findings, that all the accumulations after the marriage were the result of the ordinary use by him of the property which he owned at the time of his marriage with the petitioner.

Order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.