SEEBER et al. v. RANDALL et ux.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1900.)

No. 580.

HUSBAND AND WIFE—COMMUNITY PROPERTY—WASHINGTON STATUTES.

Land acquired by a husband in the territory of Washington prior to any legislation regarding community property, and which therefore became his separate property, remained so, nor did such legislation have the effect to vest the wife with a community interest therein because of its subsequent increase in value, or because of improvements made with the proceeds of crops raised thereon, though produced by the joint labor of both husband and wife.

Appeal from the Circuit Court of the United States for the Southern Division of the District of Washington.

T. P. & C. C. Gose, for appellants.
J. L. Sharpstein, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The motion to dismiss the appeal herein is denied. The suit is brought by certain of the children of John F. Seeber and Mary E. Seeber for the partition of a certain 160-acre tract of land situated in the county of Walla Walla, state of Washington; they claiming an interest therein as heirs of their deceased mother. The defendants to the suit are purchasers of the land from the grantee of their father. The suit was commenced in one of the state courts, and on motion of the defendants thereto, who are citizens of the state of Illinois, was transferred to the circuit court of the United States for trial, in which court an amended bill was filed. It is conceded by counsel that at the time the land in controversy was acquired by John F. Seeber the common law prevailed in the then territory of Washington, and that John F. Seeber acquired the title to the land as his separate property. That was in the year 1865. The bill shows that upon the acquisition of the title he went, with his wife and children, to reside on the land, and made it their home until the death of his wife, on the 11th day of March, 1880, after which Seeber continued to live there with his children until the sale by him and one of his children (to whom he had previously deeded the property) to the defendants in the year 1893. The interest claimed by the complainant children as heirs of their mother grows out of certain statutory provisions of the state of Washington as applied to these alleged facts found in the amended bill, to wit:

"That on the 2d day of December, 1869, the said lands and premises were of the value of fifteen dollars per acre, and of no other or greater value; and thereafter the said John F. Seeber and the said Mary E. Seeber, by their joint and common labor bestowed thereon, improved and developed said land and premises. and for that purpose used and expended the rents, issues, and profits thereof, and of their community labor and earnings, continuously up to the time of the death of the said Mary E. Seeber, on the 11th day of March, 1880, and thereafter, and until the said John F. Seeber and the said Katherine Seeber (to whom John F. Seeber had deeded the property) sold their interest

therein as aforesaid, the said children labored upon said lands, and enhanced the value thereof; and that said lands and premises, at the death of the said Mary E. Seeber upon the said 11th day of March, 1880, were of the value of one hundred and fifty dollars per acre, and in 1898, when the said John F. Seeber and the said Katherine Seeber sold and conveyed their interest therein, they were of the value of two hundred dollars per acre,—all of which the said defendants, and each of them, had knowledge of at the time of and before the purchase of the said lands by them as aforesaid."

Besides denying these and other averments of the amended bill, the defendants, by their answer, set up, among other things, that the land in controversy was originally acquired from the government of the United States by one Amos Barnett, through whom John F. Seeber acquired the title, who afterwards, and on the 20th day of July, 1893, conveyed the premises to Catherine M. Seeber; and that on the 24th day of March, 1894, the said Catherine M. and John F. Seeber, for the consideration of $10,000, conveyed the property to the defendant William Randall. The answer also avers that at the time of the defendant's purchase the complainants, and each of their brothers and sisters whose interest the complainants claim, were present, and well knew that the defendant Randall intended to make the purchase, and to pay for the property the sum of $10,000, and that neither of them made any claim to any interest in the land, but permitted and encouraged the defendant to complete the purchase, and to pay the said sum of $10,000 therefor, and to receive a warranty deed for it; that soon after such purchase and conveyance the complainants, and their brothers and sisters whose interests they now claim, surrendered possession of the property to the defendant Randall, who, believing that he had a perfect title to the land, and relying upon the representations and the facts stated, made large, valuable, and permanent improvements thereon, at a cost of $5,300, with the knowledge of the complainants, and their brothers and sisters whose interests they now assert, without any claim by or on the part of either of them, or notice to the defendant that they claimed any interest in the property; wherefore the defendants aver that the complainants are estopped from maintaining this suit, or claiming any interest in the property. The court below, upon motion made by the defendants upon the pleadings, dismissed the suit, from which judgment the complainants bring the present appeal.

Under the community law of Spain and Mexico, the community property embraced, among other things, the rents, issues, and profits of the separate property of the spouses, and all property, of whatever nature, which the spouses acquired by their own labor and industry. Schm. Civil Law Spain & Mexico, art. 44, pp. 12, 13; 6 Am. & Eng. Enc. Law, 308, and notes. In the territory, and, subsequently, in the state, of Washington, as in many of the other states and territories of the United States, community property is defined by statute. The first law passed upon the subject by the legislature of the territory of Washington was enacted December 2, 1869 (Laws 1869, p. 318), the first, second, eleventh, and twelfth sections of which are as follows:

"Section 1. That all property, both real and personal, of the wife owned by her before marriage, and that acquired afterwards by gift, bequest, devise or descent, shall be her separate property; and all property, both real and per-

sonal, owned by the husband before marriage, and that acquired by him afterward, by gift, bequest, devise or descent, shall be his separate property.

"Sec. 2. All property acquired after the marriage by either husband or wife, except such as may be acquired by gift, bequest, devise or descent, shall be common property."

"Sec. 11. In every marriage hereafter contracted in this territory, the rights of the husband and wife shall be governed by this act, unless there is a marriage contract containing stipulations contrary thereto.

"Sec. 12. The rights of husband and wife married in this territory prior to the passage of this act, or married out of this territory, but who shall reside and acquire property herein, shall also be determined by the provisions of this act, with respect to such property as shall be hereafter acquired, unless so far as such provisions may be in conflict with the stipulations of any marriage contract."

By an act passed by the legislature of the territory in 1871 (Laws 1871, p. 67, § 2) it was provided as follows: "All property acquired during the marriage by the joint labors of the husband and wife, or by their individual labors, together with all rents, profits, interest, or proceeds of the separate property of both accruing during the marriage, shall become common property,"—with a proviso not necessary to be mentioned. In 1873 the legislature of the territory enacted (Laws 1873, p. 450), among other things, as follows: "All property acquired after the marriage by either husband or wife, except such as may be acquired by gift, bequest, devise or descent, shall be common property." Section 12 of the act of 1873 also provides, as a condition of residence, that the property acquired by the spouses shall be governed by that act, unless the same conflicts with the stipulations of any marriage contract. .

In 1879 the legislature of the territory (Sess. Laws 1879, p. 77, § 1) enacted, in substance, in its first section, that the property owned by either spouse before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is the separate property of such spouse; and by section 2 of the act declared that "all other property acquired after marriage by either husband or wife, or both, is community property, except such as may be acquired as is provided in the first section of this act." The act of 1879 went into effect upon its approval by the governor, on the 14th day of November, 1879.

It is clear that the land, which, prior to the year 1869, was the separate property of the husband, was not converted into community property by either of the acts of the legislature of the territory—First, because those acts apply only to property thereafter acquired, and contain no evidence of any intent to give them a retrospective effect; and, secondly, because, even if so intended, neither of them could have the effect of taking from the one spouse and giving to the other property theretofore acquired, because of the provisions of the constitution of the United States. Darrenberger v. Haupt, 10 Nev. 46; Lake v. Bender, 18 Nev. 361, 382, 4 Pac. 711, 7 Pac. 74. Nor in the legislation referred to do we find any provision declaring that the increase in the value of the separate property of either spouse shall constitute community property. There is in the act of 1871, above cited, a provision to the effect that all property acquired during the marriage by the joint labors of the husband and wife, or by their individual labors,

together with all rents, profits, interest, or proceeds of the separate property of both accruing during the marriage, shall be common property. But the increase in the value of the separate property of one of the spouses cannot be properly regarded as "property acquired during the marriage by the joint labors of the husband and wife or by their individual labors." Lewis v. Johns, 24 Cal. 98, 103. And, assuming that it is competent for the legislature to declare the rents, issues, and profits of the separate property of either spouse to be community property, there is nothing in the present bill to take the case out of the general rule that the skill or labor of either spouse in carrying on farming or other like operations has nothing to do with the question of the ownership of the crops or other proceeds thereof. In such cases the title to the products grows out of the title to the land itself, and belongs to its owner. Rush v. Vought, 55 Pa. St. 443, 93 Am. Dec. 769; Hamilton v. Booth, 55 Miss. 62, 30 Am. Rep. 500; Garvin v. Gaebe, 72 Ill. 448; In re Higgins' Estate, 65 Cal. 407, 4 Pac. 389; Lake v. Bender, 18 Nev. 361, 4 Pac. 711, 7 Pac. 74, and numerous cases there cited. The judgment is affirmed.