In the Matter of LAURA KANE, Representing DEPARTMENT OF PUBLIC WELFARE, Respondent, against AUGUST NECCI, Appellant.

Second Department, June 3, 1935.

*Michael J. D'Ambrosio*, for the appellant.

*Arthur Bainbridge Hoff, Jr.* [*Paul Windels, Corporation Counsel,* and *Paxton Blair* with him on the brief], for the respondent.

CARSWELL, J. The defendant, Necci, in September, 1925, married a woman who, as defendant then knew, had four children by a former marriage. In February of 1926, within five months, the wife left Necci without his consent, taking the children with her.

Two years and eight months later, on October 4, 1928, two of the four children were committed to an orphan asylum and are there maintained by the city of New York.

This proceeding was initiated to compel Necci to support these two minor stepchildren. He has been ordered to pay eight dollars per week therefor. He appeals from the order. He asserts that the statutes invoked are not applicable to him; that they are not retroactive.

At common law a parent was obliged to support his minor child. There was no common-law obligation of a child to support a parent. (*Edwards* v. *Davis*, 16 Johns. 281.) The common law recognized there was a *moral* obligation for a child to support a parent, but it did not enforce such moral obligation. A statute was required to enforce it. Such a statute was enacted in England during the reign of Queen Elizabeth, and similar statutes have been enacted in the various States, including New York.

At common law a husband was under no obligation to support the children of his wife by a former marriage (*Williams* v. *Hutchinson*, 3 N. Y. 312, 317), nor was he under a moral obligation so to do, there being no kinship or blood relationship. From time to time statutes have been enacted transforming *moral* obligations so as to extend legal liability for support, but these statutes have followed, *first*, lineal consanguinity and, *later*, collateral consanguinity. Such statutes are readily sustained, even in retroactive

effect, because of the basic element of kinship. A different view should obtain where a statute assumes to create a legal liability of support where no prior moral obligation exists.

When the parties were married, there was no obligation imposed by statute on a stepparent for the support of minor stepchildren.

Later, however, section 125 of the Public Welfare Law was enacted by chapter 565 of the Laws of 1929, to take effect January 1, 1930. It provided: " Liability of relatives to support. The husband, wife, father, mother, grandparent, child or grandchild of a recipient of public relief or of a person liable to become in need of public relief shall, if of sufficient ability, be responsible for the support of such person. *Step-parents shall in like manner be responsible for the support of minor step-children.*"

The predecessor statute, the Poor Law, concerned with the support of indigents, did not contain the above italicized sentence in reference to stepparents.

On April 26, 1933, the Domestic Relations Court Act (Laws of 1933, chap. 482) was enacted, taking effect October 1, 1933. It was therein provided, by section 101, subdivision 5: " *The step parent of a child is hereby declared legally chargeable with the support of a step child* likely to become a public charge provided it is shown to the satisfaction of the court that such step parent had knowledge of the child's existence at the time of said step parent's marriage."

On April 29, 1933, section 914 of the Code of Criminal Procedure was amended (Laws of 1933, chap. 589) to conform to the foregoing statute and to insert therein a provision that " Step-parents shall in like manner be responsible for the support of minor stepchildren."

Our attention has not been called to any statute burdening a stepparent with the support of a stepchild earlier than the cited enactment of section 125 of the Public Welfare Law, in effect January 1, 1930. It thus appears that the obligation of a stepparent to support minor stepchildren does not find expression in any statute prior to the date when defendant married, in September, 1925. No such statute was enacted until over three years after the marriage and a similar time after the wife left defendant.

Sound reason dictates that a statute creating liability for such support should be construed to have prospective effect, because such a *legal* obligation does not rest on any prior *moral* obligation. It may be deemed to be within legislative competence to create legal liabilities and burdens as a consequence of the marriage relation, even though they have no previous basic moral sanction. Where a marriage is celebrated subsequently to such enactments, the parties may be deemed to have entered into the marriage status

with knowledge of these newly-created obligations. But the Legislature may not impose legal obligations on the marriage status in respect of matters that have no previous moral sanction, so as to affect a marriage entered into prior to such enactments.

If these statutes above quoted may be given retroactive effect, then a statute imposing liability upon a husband for the support of his wife's collateral or lineal relatives, or upon a wife for the support of her husband's collateral or lineal relatives (brothers and sisters or parents) would have to be sustained with retroactive effect. Such illustrations merely add emphasis to the arbitrary character of the statute quoted if it be construed to have retroactive effect. The enactment under consideration should be construed so as not to impute an arbitrary purpose to the Legislature, in the absence of language clearly evincing an intention to further a retroactive purpose. If it be given prospective effect, it ceases to be arbitrary, because then persons entering into the marriage relation do so with knowledge of the character of the burdens which the law, by virtue of the exercise of legislative power, imposes on such a relationship. " *Nova constitutio futuris formam imponere debet, non praeteritis;* " a long-observed maxim or principle of statutory construction requires this view and avoids any constitutional question. (Corwin Twilight of the Supreme Court [1934], pp. 59, 60, and cases cited.)

Statutes affecting the marriage status in respect of community property are interpreted as not having retroactive effect so as not to disturb property rights possessed by spouses under existing marriages before the enactments creating community property rights. (*Seeber* v. *Randall*, 102 Fed. 215.)

When the defendant married the mother of these children in 1925, there was no moral obligation resting upon him to support the children, although he was willing so to do. The wife, without cause so far as this record shows, abandoned the defendant in February, 1926. No obligation then rested on the defendant to support either the wife or the children by a prior marriage. He had and has no control of the children, and, under the circumstances, has no responsibility for them.

The only case invoked to sustain this order is *People* v. *Hill* (163 Ill. 186; 46 N. E. 796). There the statute required brothers and sisters to support indigent brothers and sisters; that is, they were required in a given case to support collateral kindred. There was present there, what is absent here, kinship or blood relationship. The statute merely represented an extension of liability on the line of collateral consanguinity beyond the former statutory extension of liability following lineal consanguinity. The statute merely trans-

ferred a *moral* obligation into a legal one, and was sustained for that reason. Here, this basic element of moral duty growing out of kinship is absent. That case is no authority for construing this enactment as retrospective in effect and sustaining it as thus interpreted so as to justify the order herein.

The order should be reversed on the law and the complaint dismissed.

LAZANSKY, P. J., YOUNG, TOMPKINS and JOHNSTON, JJ., concur.

Order of the Domestic Relations Court of the City of New York, Family Court, Borough of Brooklyn, reversed on the law and the complaint dismissed.