WILLIAM HODSON, as Commissioner of Public Welfare of the City of New York, Plaintiff, *v.* ISABEL P. STAPLETON, Defendant.

First Department, October 30, 1936.

*Arthur Bainbridge Hoff* of counsel [*Paxton Blair, Paul E. Fusco* and *William S. Gaud, Jr.,* with him on the brief; *Paul Windels, Corporation Counsel*], for the plaintiff.

*L. Laurence Liss* of counsel [*John F. O'Ryan* with him on the brief; *Loucks, O'Ryan & Cullen,* attorneys], for the defendant.

UNTERMYER, J. This submitted controversy concerns the right of a public official to maintain an action against a wife whose husband has been the recipient of public relief.

The defendant and her husband were married on October 8, 1901. Between September 1, 1931, and July 1, 1935, the husband received from the department of public welfare of the city of New York monthly payments as old age security relief aggregating $2,025. On January 12, 1935, the defendant's uncle died leaving a will under which on May 1, 1935, the defendant received a payment of $1,000 on account of her distributive share in the estate. She has since received several thousand dollars on account of her share, the total value of which will exceed $29,000.

The plaintiff, commissioner of public welfare of the city of New York, now seeks to recover from the defendant the entire sum of $2,025 paid to the defendant's husband, even though the defendant, except during the last two months, had no property while the husband was receiving public relief.

Section 128 of the Public Welfare Law provides:

" § 128. Recovery from a person discovered to have property. A public welfare official may bring action against a person discovered to have real or personal property * * * if such person, or any one for whose support he is or was liable, received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief. Any public relief received by such person shall constitute an implied contract."

By section 125, under the title, " Liability of relatives to support," it is provided: " The husband, wife * * * of a recipient of public relief * * * shall, if of sufficient ability, be responsible for the support of such person."

The defendant contends that the obligations created by this section are unreasonable, arbitrary and unconstitutional in so far as it applies to marriages contracted before the enactment of the law. Of course, it has always been the husband's duty to support his wife, even in the absence of statute. (*Goodale* v. *Lawrence*, 88 N. Y. 513.) But at common law there was no corresponding duty on the part of the wife. (*Young* v. *Valentine*, 177 N. Y. 347.) However, it cannot be denied that there exists a moral obligation on the wife, if she has the means, to support her husband when he is in need. It is that obligation which the statute (§§ 125, 128), in the public interest, has transformed into law. As between the wife and the State, the support of the husband is primarily the responsibility of the wife. If the State discharges her obligation, it is not unreasonable that the State should be reimbursed by her for the expenditure. Nor is it true that the statute is retroactive even though applicable to marriages contracted previously, for it does not create any liability for relief received before the enactment of the law. It merely attaches a new incident to the marriage relationship.

The defendant is only liable, however, for payments received by her husband after May 1, 1935, the date when she first became " of sufficient ability " to support him. By the express terms of the statute the duty to support is not absolute but exists only where the person liable is in a position to discharge the obligation. The obvious purpose of the legislation is to permit the maintenance

of an action where it is found that the public has supported an indigent person who during that period should have been supported by a relative " of sufficient ability " to have done so. If there was no such relative there was no one liable for support and no one against whom there can be a recovery.

Judgment should be rendered in favor of the plaintiff for the sum of $120, but, as stipulated, without costs.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff for the sum of $120, without costs. Settle order on notice.