Habéis, J.
Under the provisions of section 104 of the Social Welfare Law (formerly Public Welfare Law, § 128), the plaintiff, as town officer of the town of Oakfield, Genesee County, has brought this action against the defendant, a onetime. resident of that town, to recover from the defendant (now the appellant) sums of money advanced by the plaintiff as welfare officer to the defendant for the care of his family which consisted (at the time of the advancement of the moneys) of the defendant, his wife and seven minor children. The moneys advanced were furnished from December, 1939, to the 1st day of September, 1941, and total the sum of $852.75. Apparently, previous to December, 1939, certain moneys had been advanced for the same purpose by the predecessors in office of the plaintiff, but this action does not concern itself with such amounts previously advanced. Prior to the year 1933, the defendant-appellant was employed by the United States Gypsum Company and received in such employment certain injuries to his health which resulted in his bringing a lawsuit in 1933, against such employer. That law action resulted in the entry of a judgment in favor of the defendant-appellant against the Gypsum Company on March 16, 1941, for the sum of $8,305.08.
Subdivision 1 of section 104 of the Social Welfare Law is as follows: “A public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract.”
Answering the complaint here, the defendant raised certain issues and thus claimed that the provisions of the law violate the Constitution of the United States and the Constitution of the State of New York “ in that it seeks to deprive * * * defendant of his property * * * without due process of law ”; that the moneys received by virtue of such judgment are not subject to this suit, being immune the same as payments made under the Workmen’s Compensation Law of the State of *157 New York, and that the plaintiff has no legal capacity to sue. When the action came to trial, a jury was waived and it was tried by the court. The court rendered judgment in favor of the plaintiff against the defendant, but such judgment was later reversed by this Appellate Division because the trial court had not rendered a decision as a basis for its judgment. (268 App. Div. 949-950.) A new trial was had and it is from the judgment-in favor of the plaintiff against the defendant that the defendant noAV appeals. The questions raised on this appeal by the appellant are the same as those put in issue by his answer as stated above. On sufficient evidence, the trial court has made the following findings of fact and conclusions of law:
Findings or Fact
1. That at all the times hereinafter mentioned, the plaintiff was the duly appointed and acting welfare officer of the Town of Oakfield, County of Genesee, New York, and that the plaintiff and defendant herein were at all times hereinafter mentioned residents of the State of New York.
2. That the defendant, Dominic Galeota, applied for and received public relief from the Toavu of Oakfield, Genesee County, New York, for himself and his family during a period from the 1st day of December 1939 to the 1st day of September, 1941, in the total sum of $852.75.
3. That prior to April 1, 1942, the defendant was discovered to have personal property, to Avit, a judgment in his favor against the United States Gypsum Company, in the sum of $8305.08, which judgment was entered on the 16th day of March, 1941, in the office of the Clerk of the United States District Court for the Western District of New'York.
4. That the sum of $852.75, the amount stipulated by the defendant as the amount of public welfare received by the defendant from the plaintiff, is due and owing to the plaintiff and no part thereof has been paid.
Conclusions op Law
1. That the plaintiff is entitled to judgment against the defendant, Dominic Galeota, for $852.75, besides the costs of this action.
At the request of the defendant, although it does not include the same in its decision, the court also found:
“ That during the period of time such assistance was received by defendant and his family, the defendant was not of sufficient ability to be responsible for the support of the persons who received such welfare assistance.
*158 “ That the defendant, Dominic Galeota, for a period of time prior to 1932 or 1933 and prior to the time welfare assistance was received for himself and family was employed by .the United States Gypsum Company at Oakfield, New York.
“ That sometime during the year 1933 the defendant, Dominic Galeota, commenced an action at law against the United States Gypsum Company to recover damages for injuries to his health alleged to have been sustained by him during the course of his employment due to conditions of employment and that it was determined in a Federal Court proceeding that defendant had received injuries during the course of his employment by the United States Gypsum Company for which judgment was entered in his favor about March 16, 1941 for the sum of ' $8305.08.”
On trial the defendant testified that during the time of his poverty and aid by the town, he was also being aided by one Rinaldi, and that after the entry of the judgment against the United States Gypsum Company and prior to the time that such judgment was paid, but subsequent to the bringing of this action, he assigned his judgment against the United States Gysum Company and the proceeds thereof to Rinaldi for Rinaldi’s reimbursement of funds contributed by him to the defendant for his support and that of his family. The trial court refused to so find.
The appellant claims that by virtue of the contents of subdivision 1 of section 101 of the Social Welfare Law (formerly Public Welfare Law, § 125) the court could not render judgment against him in this action for that portion of the' moneys advanced by the plaintiff and which were for the use and support of his minor children. Subdivision 1 of section 101 of the Social Welfare Law is ■ as follows: “ The husband, wife, father, mother, grandparent, child or grandchild of a recipient of public assistance dr care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person. Stepparents shall in like manner be responsible for the support of minor step-children.” It is to be noted that this subdivision casts liability if the person to be held responsible for the support is of sufficient ability to support those named in subdivision 1 of section 101. The “ sufficient ability ” is an ability as of the time of the furnishing of the relief to the persons mentioned in such section. (See Hodson v. Stapleton, 248 App. Div. 524, 525.) This subdivision is of no avail to the appellant here. The children to whom support was given were minors and *159 a father was at common law, and still is, liable for the support of his minor children no matter what his financial ability be. (Matter of Kane v. Necci, 245 App. Div. 1, 2; Betz v. Horr, 250 App. Div. 457, 458.) The object of the Legislature in enacting the former section 125 of the Public Welfare Law, and now the present section 101 of the Social Welfare Law, was to enlarge by statute the scope of liability of persons for the support of those who were nearer and presumably dearer to them than those to be supported were to the general community. The statute did not remove the common-law obligation for the support by parents of minor children. (Matter of Kane v. Necci, 245 App. Div. 1, 2; Betz v. Horr, 250 App. Div. 457, 458.)
The contention of the defendant-appellant that the judgment against the United States Gypsum Company and its proceeds are immune from attachment for liability is not supported by any provision of law. It is true that by section 33 of the Workmen’s Compensation Law, the Legislature had made compensation or other benefits due under that law, exempt, but it has not extended that exemption to the proceeds of any other claim for personal injuries.
In his brief, the defendant-appellant asks for a determination as to whether or not the judgment herein, if proper, is enforcible against property of the defendant-appellant other than the proceeds of the judgment against the Gypsum Company. He has also raised the question of such enforcibility as one of his grounds of appeal. The statute itself (Social Welfare Law, § 101) contains no limitation in this respect. The construction of the statute as to such enforcibility necessarily must await attempts to enforce the judgment, if such judgment is upheld.
The study of the statute, the record on appeal and the arguments advanced by counsel lead to the conclusion that the judgment is valid and it should be affirmed, with costs against the defendant-appellant.
All concur. Present — Taylor, P. J., Dowling, Harris, - Larkin and Love, JJ.
Judgment affirmed with costs.