In the Matter of the Accounting of Albert W. Aspenleiter, as Administrator of the Estate of Albert J. Aspenleiter, Deceased.

Surrogate's Court, Monroe County, July 31, 1952.

*Russell A. Sibley* for administrator, petitioner.

*Joseph B. Boyle* and *Matthew Kowalski* for Jesse B. Hannan, as Director of Public Welfare of the County of Monroe, respondent.

*Harold F. Curtis,* special guardian for Katherine Bates, an alleged incompetent, respondent.

WITMER, S. In this judicial settlement proceeding the claimant, Jesse B. Hannan, as Director of Public Welfare of the County of Monroe, seeks to recover the sum of $4,965.54 against this estate to reimburse the county for funds advanced for the support of the decedent's wife in his lifetime. It is conceded that during the period that the county gave the assistance to the decedent's wife, the decedent was without assets with which to support the wife, but thereafter he inherited the funds part of which are involved in this account. It is for that reason and in reliance upon *Hodson* v. *Stapleton* (248 App. Div. 524) and *Matter of Moore* (277 App. Div. 471) and cases of like import, that the petitioner and the special guardian contend that the estate has no liability to the claim herein.

If the liability of the deceased rested upon subdivision 1 of section 101 of the Social Welfare Law, the holding of the above-cited cases would be applicable and controlling. However, at common law and wholly apart from said section of the Social Welfare Law a husband was liable and still is liable for the reasonable support of his wife and children. (*Fuller* v. *Galeota,* 271 App. Div. 155.) The principle derived, it may be assumed, from public policy, as stated in the *Hodson* and *Moore* cases (*supra*) has no application in the case of the obligation of a husband to support his wife or children. The common-law liability of the husband did not and does not depend upon his ability to pay at the time when the services were furnished. (*Matter of Kane* v. *Necci,* 245 App. Div. 1; *Betz* v. *Horr,* 250 App. Div. 457.)

The claim is, therefore, allowed in full.

Submit decree accordingly.