SCHMUEL MENDELSON, Appellant, v TRANSPORT OF NEW JERSEY et al., Defendants, and COMMISSIONER OF SOCIAL SERVICES, Respondent.

Second Department, November 25, 1985

## APPEARANCES OF COUNSEL

*Allen Fischer* for appellant.

*Frederick A. O. Schwarz, Jr., Corporation Counsel (Michael Gage* and *Fay Leoussis* of counsel), for respondent.

## OPINION OF THE COURT

LAWRENCE, J.

The instant appeal involves the right of a social services official to recover from a recipient of public assistance the cost of such assistance received by the recipient and his wife and minor children, pursuant to an assignment of the proceeds of a settlement of the recipient's personal injury action. We agree with Special Term's determination that the respondent,

the Commissioner of Social Services of the City of New York, is entitled to recover under the assignment in the instant case, and, accordingly, there should be an affirmance.

## I.

The pertinent facts are not in dispute. Plaintiff-appellant, Schmuel Mendelson, his wife, and their four minor children became recipients of public assistance in or about March 1970. They received assistance until April of 1977.

On or about September 23, 1973, the appellant sustained personal injuries as the result of an automobile accident. A negligence action was thereafter commenced against the defendants Transport of New Jersey and Saje Biller. On July 2, 1974, the appellant and his wife executed an "Assignment of Proceeds of Lawsuit" in favor of the respondent, the Commissioner of Social Services of the City of New York, for all the public assistance furnished on behalf of the appellant and his dependents, from "the date of the first issuance of the aforementioned assistance and care to the date that such assistance and care are finally discontinued". In March of 1977, the appellant settled the negligence action for $300,000.

Thereafter, the respondent asserted his claim under the assignment. While a 1978 court order, *inter alia,* referred the assignment claim for a full trial to determine the correct amount to be paid pursuant to the assignment, in September of 1980, the appellant and the respondent entered into an agreement with respect to the amount of the respondent's claim. It was stipulated that the total assistance rendered to the appellant and his dependents from March 1970 to April 1977 was approximately $44,000. This amount specifically excluded any sums spent for medical costs, reimbursement for such sums having been waived by the respondent. It was further agreed that each member of the family received approximately $7,000. On consent of the parties, the total sum in dispute was deposited in an interest-bearing bank certificate of deposit pending the disposition of the respondent's claim.

The respondent thereafter moved for summary judgment, based upon the assignment and the parties' stipulation, seeking to recover the entire sum on deposit, plus accrued interest. The respondent maintained that the requested relief was authorized pursuant to the assignment and Social Services Law § 104 (1) which provides, in pertinent part: "A [social

services] official may bring [an] action or proceeding against a person discovered to have real or personal property * * * if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care". The appellant challenged the respondent's claim to the public assistance paid on behalf of his wife and minor children, alleging, in pertinent part, that such sums were not recoverable from moneys received by him as a result of the personal injury action and that *"with or without an assignment"*, the respondent was only entitled to the moneys paid over to the appellant for his own assistance from the date of the injury to the time that he recovered the proceeds of his personal injury claim.

Special Term (Aronin, J.), granted the respondent's motion in its entirety. In its decision dated July 30, 1982, the court specifically held that the respondent was entitled to relief pursuant to (1) Social Services Law § 104 (1) which allowed recovery from a recipient of all public assistance furnished both to him and to " 'any one for whose support he is or was liable' ", and (2) the assignment, which, under Social Services Law § 104-b (11), allowed the respondent " 'to recover under such assignment the total amount of assistance and care for which such assignment was made' ".

## II.

In determining the primary issue on this appeal, to wit, the validity of the assignment by the appellant to respondent, we have undertaken to review pertinent common and statutory law leading to the present posture of the law regarding recoupment of public assistance from recipients and/or their responsible relatives.

At common law, a social services official could not recover from recipients properly granted public assistance, even from assets subsequently acquired by the recipient *(see, City of Albany v McNamara,* 117 NY 168; *Baker v Sterling,* 39 NY2d 397, 401). However, at common law, a husband and father was liable for the support of his wife and minor children *(see, Fuller v Galeota,* 271 App Div 155; *Matter of Figliola,* 51 AD2d 671, n [dissenting mem], *revd* 41 NY2d 1072 *on dissenting mem at App Div.; Matter of Aspenleiter,* 203 Misc 109; *Matter of Black,* 150 Misc 433). Thus, apart from any statu-

tory authority, at common law, a social services official could recoup public assistance from the husband of a recipient thereof *(Goodale v Lawrence,* 88 NY 513), and from the father for assistance granted his minor children *(Fuller v Galeota, supra; Matter of Figliola, supra; Matter of Aspenleiter, supra; Matter of Black, supra).* Nevertheless, there was no enforceable common-law obligation requiring a wife to support her husband *(Young v Valentine,* 177 NY 347; *Hodson v Stapleton,* 248 App Div 524); parents to support adult children *(Betz v Horr,* 250 App Div 457, *revd on other grounds* 276 NY 83); grandparents to support grandchildren *(Kinsey v Lawrence,* 100 NYS2d 597, 605); or children to support parents *(Matter of Kane v Necci,* 245 App Div 1, *appeal dismissed* 269 NY 13). Accordingly, statutory authority was necessary to provide for the recoupment of public assistance from recipients, and to compel current support and recoupment from certain relatives of recipients of public assistance.

Pursuant to Laws of 1784 (ch 35), a social services official could seek current support from certain relatives, who were subject to a forfeiture for the failure to pay such support: "That the father and grand father, mother and grand mother (being of sufficient ability) of any poor, lame, or decrepid person or persons, whomsoever, not being able to maintain themselves, and becoming chargeable to any district within this State; and the children and grand children (being of sufficient ability) of every poor, old, blind, lame or impotent person, not able to maintain themselves, and becoming chargeable as aforesaid, shall severally at his, her, or their charges and expences, relieve and maintain every such poor person, as aforesaid, in such manner as the justice of the peace of the county, where such sufficient person shall dwell * * * shall order and direct, on pain of forfeiting and paying ten shillings for each person so ordered to be relieved, for every week he, she or they shall fail therein, to be sued for and recovered by the overseers of the poor of the district, to which such poor person or persons shall be chargeable for the use of the poor of the district, in the manner herein before directed, with respect to costs and charges upon an appeal". Statutory authority for the recoupment from recipients of public assistance was enacted by Laws of 1901 (ch 664), which added section 57 to the Poor Law (L 1896, ch 225). That section read, in pertinent part, as follows: "If it shall at any time be ascertained that any person, who has been assisted by or received support from any town, city or county, has real or

personal property, or if any such person shall die, leaving real or personal property, an action may be maintained * * * by the overseer of the poor * * * or the superintendent of the poor * * * against such person or his or her estate, to recover such sums of money as may have been expended * * * in the assistance and support of such person during the period of ten years next preceding such discovery or death".

In 1929, the Legislature enacted the Public Welfare Law, which reenacted, in substance, the responsible-relative statute (L 1784, ch 35) as sections 125 and 126 thereof, permitting actions to compel current support from certain enumerated relatives (L 1929, ch 565). In addition, the 1929 law reenacted Poor Law § 57 (set forth, in pertinent part, *supra)* as section 128 and expanded that section to permit recovery of public assistance from discovered real or personal property of responsible relatives, as well as recipients (L 1929, ch 565).

In 1940, the Legislature repealed the Public Welfare Law, and enacted the Social Welfare Law (L 1940, ch 619, § 18). Sections 125 and 128 were reenacted, in substance, as Social Welfare Law §§ 101 and 104 (L 1940, ch 619, § 10).

In 1953, the Legislature amended then Social Welfare Law § 104 to provide that a claim pursuant to that section against the estate of a recipient or responsible relative would not be barred or defeated because of lack of sufficiency of financial ability on the part of the decedent at the time assistance was granted (L 1953, ch 838). Later, the Social Welfare Law was redesignated as the Social Services Law (L 1967, ch 728).

Social Services Law §§ 101 and 104 currently provide, in pertinent part, as follows:

"§ 101. Liability of relatives to support

"1. [Effective Dec. 1, 1984] Except as otherwise provided by law, the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a child under the age of twenty-one years. Stepparents shall in like manner be responsible for the support of stepchildren under the age of twenty-one years. Nothing herein shall impose any liability upon a person to support the adopted child of his or her spouse if such child was adopted after the adopting spouse is living separate and apart from the non-adopting spouse pursuant to a legally recognizable separation agreement or decree under the domestic relations

law. Such liability shall not be imposed for so long as the spouses remain separate and apart after the adoption.

"2. The liability imposed by this section shall be for the benefit of the [social services] district concerned or any legally incorporated non-profit institution which receives payments from any governmental agency for the care of medically indigent persons, and such liability may be enforced by appropriate proceedings and actions in a court of competent jurisdiction. Such proceedings and actions may be brought by such an institution in any court wherein a similar proceeding or action could be brought by a [social services] official".

"§ 104. Recovery from a person discovered to have property

"1. A [social services] official may bring [an] action or proceeding against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care. Any public assistance or care received by such person shall constitute an implied contract. No claim of a [social services] official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received.

"Nor shall the claim asserted by a [social services] official against any person under this section be impaired, impeded, barred or defeated, in whole or in part, on the grounds that another person or persons may also have been liable to contribute.

"In all claims of the [social services] official made under this section the [social services] official shall be deemed a preferred creditor.

"2. No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition".

"[T]he [social services] agencies, relying entirely on section 104 and its predecessors, [have] been able to recover from the proceeds of personal injury actions, amounts paid to persons who had received public assistance. This right [has been] apparently universally accepted in practice, particularly where the agency [has] obtained as assignment not of the claim itself, but of the proceeds of the claim (NY Legis Ann, 1964, p 316)" *(Baker v Sterling,* 39 NY2d 397, 404, *supra; see also, Snell v Wyman,* 281 F Supp 853, *affd* 393 US 323).

With this background, we now consider the appellant's contentions with respect to the respondent's entitlement, pursuant to the assignment, to the recovery of public assistance granted to appellant, his wife, and minor children.

### III.

With respect to the recoupment of the public assistance granted to the appellant, he concedes that the respondent is entitled to recover the amount of public aid paid to him from the date of the accident to the date that he was removed from the welfare rolls. The appellant contends, however, that despite the assignment, recovery cannot be had for the public assistance granted him from 1970 to the date of the accident, during which period the appellant was totally without funds. We find this claim to be without merit.

Social Services Law § 104 provides that the recovery from a recipient can be had for public assistance received during the preceding 10-year period. Thus, an assignment to recoup public assistance from the proceeds of a recipient's personal injury action, pursuant to Social Services Law § 104, is not limited to the period after the accident to the time of discontinuance, but can cover the period before the accident, recovery being limited by the statutory 10-year period *(see,* Social Services Law § 104-b [11]; *Baker v Sterling, supra,* at pp 404-405; *Matter of Figliola,* 51 AD2d 671, 672, *supra* [dissenting mem]).

### IV.

As to the recovery of the public assistance paid to the appellant's wife and minor children, the appellant first argues that he is not responsible for the public assistance paid to his dependents because at the time it was granted, he was not of sufficient ability to pay for their support, pursuant to Social Services Law § 101. The appellant further argues that the

assignment does not give the respondent an automatic right to be reimbursed for funds paid to the appellant's dependents, since such assignment is limited by the right to recover pursuant to the Social Services Law. We find these contentions to be without merit.

Contrary to the appellant's arguments, the common-law obligations of a husband and father of minor children were not preempted by Social Services Law § 101.

The intent of the Legislature in enacting Social Services Law § 101 and its predecessors "was to enlarge by statute the scope of liability of persons for the support of those who were nearer and presumably dearer to them than those to be supported were to the general community. The statute did not remove the common-law obligation for the support by [a husband] of minor children" or the husband's support of his wife *(Fuller v Galeota,* 271 App Div 155, 159, *supra; see, Goodale v Lawrence,* 88 NY 513, 519, *supra).* The use of the language " 'if of sufficient ability' * * * does not serve to release a parent [or husband] from responsibility for the support of his or her minor children [or spouse] even though the parent [or husband] may not have been of sufficient financial ability to pay therefor at the time the assistance was given" *(Matter of Figliola, supra,* at p 671, n [dissenting mem]).

Further, the 1953 amendment to Social Welfare Law § 104 (L 1953, ch 838) does not require a contrary result. The amendment added the following sentence to Social Welfare Law § 104: "No claim of a public welfare [now social services] official against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, shall be barred or defeated, in whole or in part, by any lack of sufficiency of ability on the part of such person during the period assistance and care were received". The legislative bill jacket documents indicate that this amendment was enacted to accomplish one purpose, to wit, clarification of the fact that the defense of lack of sufficient ability to support a public-assistance recipient during the period assistance was provided could not be utilized by an estate of a deceased person who was discovered to have real or personal property *(see, e.g.,* Memorandum by New York Public Welfare Association and Letter from the Secretary of the Surrogates' Association of the State of New York, both on file in bill jacket for L 1953, ch 838). We do not interpret the amendment as providing that the defense of lack of sufficient ability to

support during the period public assistance was received is available to a husband or father of minor children, since such common-law obligations survive the statutory enactments involved herein *(see, Fuller v Galeota, supra; Matter of Figliola, supra,* at p 672 [dissenting mem]).

We decline to follow *Forman v Forman* (96 AD2d 880) since that decision apparently failed to consider that the Social Services Law did not abrogate the common-law obligations of support by a husband and father of minor children. Moreover, we do not consider the case of *Borsman v Mannix* (46 AD2d 885), relied upon by the appellant, as controlling, since that case concerned recovery by the respondent pursuant to a lien imposed under Social Services Law § 104-b *(see, Matter of Figliola, supra,* at pp 671-672 [dissenting mem]).

Therefore, we conclude that with respect to the relief granted to the appellant's wife and minor children, for whose support the appellant is liable by common law, recovery can be had from the proceeds of appellant's personal injury action, pursuant to Social Services Law § 104, without regard to the financial ability of the appellant during the period when assistance was granted to his dependents.

## V.

We may summarily deal with the appellant's remaining contentions.

Medical costs are not included in the sum that the respondent is seeking to recoup and accordingly, any arguments with respect to recovery of such amount need not be considered by this court.

The appellant's argument that the respondent is required to "pay a reasonable portion thereof as and for collection fees to the attorney who effectuated the settlement and indirectly therefore to" the appellant lacks merit. In addition to the fact that the issue was not raised at Special Term, there is no statutory authority providing that a portion of the attorney's fees incurred by the appellant are to be deducted from the amount of money the respondent is entitled to recoup *(cf. Rahl v Hayes 73 Corp.,* 99 AD2d 529, *lv denied* 63 NY2d 609).

Finally, the conclusory allegations of counsel for the appellant challenging the validity of the assignment on the ground that the appellant lacked sufficient capacity at the time he signed it are insufficient to raise a triable issue of fact precluding the granting of summary judgment to the respondent.

## VI.

In conclusion, we find that the respondent is entitled to recoup the public assistance granted to the appellant and his wife and minor children, pursuant to the assignment of the sums from the settlement of the appellant's personal injury action.

The order of Special Term should, therefore, be affirmed.

LAZER, J. P., GIBBONS and BRACKEN, JJ., concur.

Judgment of the Supreme Court, Kings County, dated October 26, 1982, affirmed, with costs.