■ RONALD SIZEMORE, by MINNIE D. SIZEMORE, His Guardian ad Litem, et al., Respondents, v HEAVY TRANSPORT, INC., et al., Respondents. WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Intervenor-Appellant. [607 NYS2d 509] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The record supports Supreme Court's finding that no portion of the structured settlement of the personal injury cause of action represents a compromise of any claim of charges for medical expenses rendered to Ronald Sizemore. Thus, the court properly concluded that no lien may be placed upon the settlement proceeds of Ronald's personal injury action for any assistance or care rendered to him prior to his 21st birthday *(see, Matter of Thurston v Durose,* 76 NY2d 683; *Baker v Sterling,* 39 NY2d 397).

The court erred, however, in denying the request of the Wayne County Department of Social Services (DSS) to recover the cost of medical assistance rendered to Ronald prior to his 21st birthday from that portion of the settlement allocated to his mother's derivative cause of action *(see, Mendelson v Transport of N. J.,* 113 AD2d 202, *lv denied* 68 NY2d 602). Minnie D. Sizemore had an obligation to support her son, who was a minor at the time of the accident *(see,* Family Ct Act § 413). After she applied for public assistance for her son, she

was still responsible for his support until he reached the age of 21 *(see,* Family Ct Act § 415; Social Services Law § 101). Since the structured settlement allocated a total of $34,034 as her share of the settlement, the DSS may recover the cost of medical assistance rendered to Ronald, prior to his 21st birthday, from that portion of the settlement allocated to his mother on her derivative cause of action *(see, Mendelson v Transport of N. J., supra).* (Appeal from Order of Supreme Court, Wayne County, Parenti, J.—Lien.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.