■ JOSEPHINE SMITH et al., Respondents, v SOUTH BROOKHAVEN HEALTH CENTER et al., Defendants, and SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [667 NYS2d 757] —In an action to recover damages for medical malpractice, etc., the Suffolk County Department of Social Services appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Leis, J.), dated June 21, 1996, which, *inter alia,* granted the plaintiffs' motion to vacate a lien in the amount of $27,502.25, imposed pursuant to Social Services Law § 104-b, against the proceeds of a settlement between the plaintiffs and the defendants.

Ordered that the order is modified by deleting therefrom the provision which granted the plaintiffs' motion to vacate a lien

in the amount of $27,502.25, imposed pursuant to Social Services Law § 104-b, against the proceeds of a settlement between the plaintiffs and the defendants, and substituting therefor a provision denying the plaintiffs' motion; as so modified, the order is affirmed, without costs or disbursements.

The Suffolk County Department of Social Services (hereinafter the DSS) contends that it can recover the cost of medical assistance rendered to the infant Robert Smith prior to his 21st birthday from that portion of the settlement allocated to his mother's cause of action. We will consider this issue even though it is raised for the first time on appeal, because it concerns an issue of law apparent on the face of the record which could not have been avoided by the opposing parties if brought to their attention at the proper juncture (*see, Vilardi v Berley,* 201 AD2d 641, 643; *Libeson v Copy Realty Corp.,* 167 AD2d 376; *Block v Magee,* 146 AD2d 730). We agree with the DSS that because Josephine Smith was responsible for her son's support until he reached the age of 21 (*see,* Family Ct Act § 415; Social Services Law § 101), it may recover the cost of medical assistance rendered to Robert from that portion of the settlement allocated to his mother on her cause of action (*see, Sizemore v Heavy Transp.,* 199 AD2d 969; *Mendelson v Transport of N. J.,* 113 AD2d 202). Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.