■ David McClenahan et al., Respondents, v Steven A. Farber et al., Defendants, and Department of Social Services of City of New York, Intervenor-Appellant. [668 NYS2d 689] —In an action to recover damages for medical malpractice, etc., the Department of Social Services of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated November 26, 1996, as denied its motion to determine the extent of its lien upon the proceeds of a settlement pursuant to Social Services Law § 104-b, and granted the plaintiffs' cross motion to vacate the lien.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court should have conducted a hearing to determine if any portion of the settlement of the infant plaintiff's claim was intended to cover past reimbursed medical

expenses (*see, Baker v Sterling*, 39 NY2d 397; *Gromalski v County of Nassau*, 204 AD2d 391; *Pang v Maimonides Med. Ctr.-Maimonides Hosp.*, 127 AD2d 641). In light of the $5,000,000 settlement amount, it is almost inconceivable that no part of the settlement proceeds was attributable to past medical expenses.

The appellant Department of Social Services of the City of New York (hereinafter DSS) further contends that it is entitled to recoup the cost of the medical assistance rendered to the injured infant from that portion of the settlement which is attributable to his parents' causes of action. However, the parties' conflicting assertions with respect to whether the infants' parents were legally liable to provide the care he received through Medicaid benefits cannot be resolved on the record before us. In the event that the court finds, upon remittal, that the infant's parents were legally liable to provide such care, then DSS will be entitled to satisfy its lien out of that portion of the settlement allocated to the parents' causes of action (*see, Smith v South Brookhaven Health Ctr.*, 245 AD2d 363; *Sizemore v Heavy Transp.*, 199 AD2d 969; *Mendelson v Transport of N. J.*, 113 AD2d 202). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.