THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM SWEED and LEONARD SWEED, Appellants.— Motion to appeal as poor persons denied. Memorandum: None of the points presented can be raised on a *coram nobis* proceeding, as all of them could have been raised on an appeal from the judgment of conviction.

■

HAROLD G. WATTS, as Ancillary Administrator of the Estate of GARDNER L. WATTS, Deceased, Appellant, v. BELL AIRCRAFT CORPORATION, Respondent.— Motion granted and appeal dismissed, with costs, together with $10 motion costs.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE PALMER, Appellant.— Motion to reargue motion to appeal as poor person denied. Memorandum: None of the points presented can be raised on a *coram nobis* proceeding, as all of them could have been raised on an appeal from the judgment of conviction.

■

(September 22, 1954.)

■

In the Matter of PHILIP DE FORTE, an Alleged Incompetent. FLORENCE DE FORTE, Appellant; GLINES & COLLESANO, Respondents.— Order insofar as appealed from affirmed, without costs of this appeal to either party. All concur. (Appeal from part of an order directing as a condition for the substitution of attorneys that Florence De Forte pay a certain sum in attorneys' fees.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

■

WILLIAM C. KELLY, as Commissioner of the Allegany County Public Welfare District, Appellant, v. HAZEL ROCKEFELLER, Respondent.— Order reversed on the law, without costs of this appeal to either party, and motion denied, without costs. Memorandum: In an action under section 104 of the Social Welfare Law against the actual recipient of public assistance, it is unnecessary for the complaint to allege the recipient's financial ability during the period of assistance. After-acquired property is subject to the same implied contract. (*Fuller v. Galeota,* 271 App. Div. 155.) We do not regard chapter 838 of the Laws of 1953 as applicable or as indicating a contrary policy. All concur. (Appeal from an order granting a motion to dismiss plaintiff's complaint and directing judgment for defendant in an action to recover the amount of public relief paid for the support of defendant.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.