John J. Walsh, J.
The defendant was brought to trial in the Oneida County Court upon an indictment charging the crime of kidnapping. He was represented by court-assigned counsel and was convicted as charged by the verdict of a jury. He was, thereafter and on June 8, 1948, sentenced to be confined for a term of 40 years to life. This judgment of conviction is sought to be vacated by this petition.
The defendant-petitioner contends in his writ of error coram nobis, verified on the 2d day of March, 1961 that
(a) He was deprived of his right to appeal his conviction for failure of the court or his assigned counsel to advise him that he must appeal within the statutory period of 30 days.
(b) His conviction was based on an illegal confession admitted in evidence over his objection.
(c) The testimony of Dr. Falvo, one of the prosecution’s witnesses, which consisted of a description of the physical injuries sustained by the two victims, was admitted in evidence over defendant’s objection, depriving defendant-petitioner of a fair and impartial trial.
*148 (d) He was not arraigned for 20 days after Ms arrest and that the trial court erred in refusing his counsel’s request to charge that such a delay was unreasonable.
(e) The Justice of the Peace, before whom defendant-petitioner was first arraigned, failed to advise him, before he signed a statement, that anything he might say, at that time, could be used against him and failed to advise defendant-petitioner that he had a right to counsel and was entitled to a preliminary hearing.
The allegations of the petition fail to show sufficient reason requiring a hearing since only questions of law are presented.
The omission to file a notice of appeal does not affect the validity of the judgment of conviction and the writ of error coram nobis does not apply. (People v. Roberts, 25 Misc 2d 321.)
This court is not aware of any statutory obligation upon a trial court to inform a defendant upon conviction of a right to appeal or of the statutory period within which such appeal is to be taken. (People v. Stottlemeyer, 9 A D 2d 1022 [4th Dept.] [1959].)
The petition itself indicates that defendant knew or was informed at the time of a right to appeal since he alleges that his court-assigned counsel “ did inform him [defendant] that ‘ he would like to appeal, but that it would be impossible to do so because of lack of funds to pay for transcription of the trial record and for printing of the papers on appeal ’.”
People v. Guhr (5 A D 2d 688) is authority for the granting of a hearing upon the allegation the police and prison authorities allegedly prevented the taking of an appeal by a defendant. This is not the case at bar.
The allegation that the conviction was based on the use of an illegal confession, admitted into evidence over his objection has never been the basis of a writ of error coram nobis. (People v. Kendricks, 300 N. Y. 544; People v. Brandon, 17 Misc 2d 830 ; People v. Baldwin, 15 Misc 2d 431; People v. Palmer, 284 App. Div. 865.)
The allegation that the testimony of Dr. Falvo should have been excluded is a matter of record and is to be considered on appeal and not by coram nobis. (People v. Capobianco, 10 Misc 2d 525.)
The remaimng contention is that defendant was denied his rights by the Justice of the Peace before whom he was arraigned. It is exceedingly doubtful that any alleged errors occurring before the Justice of the Peace could be the basis for *149 setting aside a conviction in County Court. (People v. Kulikauskas, 5 A D 2d 690, cert, denied 357 U. S. 909.)
The defendant-petitioner was assigned counsel by the County Court and was tried by a jury. It has been held that this cures any defects before the Justice of the Peace insofar as coram nobis is concerned. (People v. Neeley, 4 A D 2d 1019; People v. Langford, 156 N. Y. S. 2d 751.)
It has been held that a claim that relator was not taken before a Magistrate promptly after his arrest is not sufficient ground for a writ of habeas corpus after a trial and conviction. {People ex rel. Monroe v. La Vallee, 8 A D 2d 927.) The same rule, it seems, ought to apply to a coram nobis application.
As none of defendant-petitioner’s allegations are grounds for a writ of error coram nobis, his motion in the nature of a writ of error coram nobis is, in all respects, denied.