**Leonard SOTELO, Plaintiff,**

v.

**MARINE TRANSPORT, INC., Defendant.**

**No. 66 Civ. 3256.**

United States District Court,
S. D. New York.
April 17, 1973.

**214**

Marvin Sherry, New York City, for plaintiff.

Cadwalader, Wickersham & Taft, New York City, for defendant.

Marvin Rachlin, Nassau County Department of Social Services, Mineola, N. Y.

## MEMORANDUM

LASKER, District Judge.

The Nassau County Department of Social Services ("the Department") asserts a lien against a proposed settlement of plaintiff Sotelo's personal injury suit in the amount of $6,719.98 for the following types of assistance: 1)

Medical assistance to the plaintiff ($103.54); 2) aid to dependent children for his son ($1,609.43); 3) burial expenses ($250.00); and 4) child care ($4,757.-01). The lien is predicated on New York Social Services Law § 104–b (McKinney Supp.1972 McKinney's Consol.Laws, c. 55), which states:

> "If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on or after the date when such injuries were incurred."

■ Sotelo was clearly the recipient of the medical assistance furnished him after the accident. The statute specifies that such assistance properly forms the basis of a lien under § 104–b (then § 104–a). N.Y. Social Services Law § 369 (McKinney Supp.1972). Moreover, since § 349(A) of the Social Services Law specifies that "[a]id to dependent children shall be given to a parent . . . for the benefit of a child," Sotelo can be considered the recipient of such aid for purposes of Section 104–b, because Section 104–b does not expressly limit the lien solely to cover assistance which results directly from the personal injury underlying the recipient's claim. Accordingly, Section 104–b grants the Department a lien to the extent of $1,712.97, representing the sum of medical assistance ($103.54) and aid to dependent children ($1,609.43).

The Department, however, claims that its lien also covers child care and burial expenses resulting from the sickness and death of Sotelo's minor child. There is no doubt that Sotelo is legally responsible under the statute for support (N.Y. Social Services Law § 101) and burial

expenses (*id.* § 141) and that this responsibility can be enforced for the benefit of a public welfare official who pays for support or burial in the father's stead. However, it is by no means equally clear that the relevant sections give the Department a *lien* to recover amounts so paid out. The Department's lien is granted solely by Section 104–b and this section, as quoted above, speaks in terms of "a recipient of public assistance" and limits the lien to the amount of assistance furnished to the recipient. We have found nothing in the statute or case law, nor have the parties directed our attention to anything which indicates that a parent is deemed to be the *recipient* of child care or of burial expenses paid for a minor child. To the contrary, both sections 101 and 141 speak of the parent and relatives of the recipient, indicating that they themselves are not deemed to be the recipients of the furnished assistance. Accordingly, although the Department may well have a right of action against Sotelo for the amounts it paid for child care and burial, we find no authority for imposing a lien in its favor for those amounts under Section 104–b.

█ Sotelo argues that the Department's lien is entirely precluded by 46 U.S.C. § 601. That section provides that "[n]o wages due or accruing to any seaman . . . shall be subject to attachment or arrestment from any court. . . ." [1] Plaintiff alleges that his back wages exceed $15,000. and concludes that, since the amount of settlement equals $13,500., the entire sum should be exempt from attachment.

The flaw in Sotelo's reasoning is that his recovery is not for wages only, since he sued for pain and suffering as well as wages, for a total of $250,000. Thus, only that proportion of the settlement which can reasonably be allotted to wages should be exempt from attachment. It is extremely unlikely that of the $13,500.00, more than $11,787.03 (which is the difference between the proposed settlement and the Department's lien) was intended to compensate him solely for lost wages. Accordingly, we find that Sotelo's recovery is not exempt from the Department's lien.

Plaintiff's motion to fix the lien of the Nassau County Department of Social Services is granted. The lien is fixed at $1,712.97.

It is so ordered.

---

[1] The proviso to 46 U.S.C. § 601 that "nothing contained in this or any preceding section shall interfere with the order by any court regarding the payment by any seaman of any part of his wages for the support and maintenance of his wife and minor children" is inapplicable, because the Department's lien does not result from a court order for the support of his minor child.