■ CHARLOTTE C. BORSMAN, Respondent, v. MATTHEW MANNIX, Defendant. DEPARTMENT OF SOCIAL SERVICES OF THE COUNTY OF SUFFOLK, Appellant.— In an action to recover damages for personal injuries, the Department of Social Services of the County of Suffolk (hereafter the Department) appeals from an order of the Supreme Court, Suffolk County, dated November 7, 1973, which, upon plaintiff's motion, fixed the amount of a lien claimed by the Department, upon the proceeds of the settlement of the action, at only $1,022.18. Order reversed, without costs, and motion remitted to Special Term for a hearing and a new determination. Plaintiff, a mother of six children, was injured in an automobile accident in December, 1966. At that time, three of her children were under 18 years of age. Her husband had abandoned her in 1962. She received employment disability payments of $30.49 per week for about five months after the accident. Her suit for personal injuries was settled for $25,000, the limit of defendant's insurance coverage, an amount several times less than sued for. Pursuant to section 104-b of the Social Services Law, the Department asserted a lien on the settlement proceeds. The Department claimed it had paid Aid to Families with Dependent Children (AFDC) in the sum of $21,596.61 to plaintiff and her children from the date of the accident until July 31, 1971, including $1,022.18 in hospital and doctor bills resulting from the accident. In view of the amount of the settlement, the Department offered to reduce the lien to $12,500. Special Term limited the lien to the amount of the hospital and doctor bills, relying in its decision on *Romeo* v. *New York City Tr. Auth.* (73 Misc 2d 124) and noting that if the lien were allowed in the amount of $12,500, plaintiff would recover only $3,500 for her injuries, after the payment of counsel fees. The statute under which the Department has proceeded is one of a series of enactments designed to recoup welfare moneys. The statutes provide, *inter alia*, for the right to recover real or personal property. They require the transfer of property for the purpose of qualifying for assistance and they allow for a claim on life insurance proceeds (Social Services Law, §§ 104–106, inclusive). Specifically, subdivision 1 of section 104-b of the Social Services Law provides that "If a recipient of public assistance and care shall have a right of action * * * on account of any personal injuries suffered by such recipient, then the public welfare official * * * providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished * * * on and after the date when such injuries were incurred." We find that plaintiff was not the recipient of the assistance given to her for the benefit of her minor children. The AFDC money was not for her support, but for maintenance and care of the children. She was only the conduit through which its application to the children was administered. The Department may recover the amount of assistance and care paid to her for her sole benefit (*Moore* v. *Nassau County Dept. of Public Transp.*, 78 Misc 2d 1066, 1069; *Romeo* v. *New York City Tr. Auth.*, 73 Misc 2d 124, 125–126, *supra*), but not the money paid for the children. We do not agree with the contrary interpretation of the statute made in *Sotelo* v. *Marine Transp.* (357 F. Supp. 213). There the court allowed a lien of the Nassau County Department of Social Services, upon the proceeds of a settlement of the plaintiff's claim for personal injuries, for $1,609 of the AFDC benefits which had been paid for the plaintiff's son. The court reasoned (p. 214) that "since § 349(A) of the [New York] Social Services Law [Aid to Dependent Children] specifies that '[a]id to dependent children shall be given to a parent * * * for

the benefit of a child,' Sotelo can be considered the recipient of such aid for purposes of Section 104-b, because Section 104-b does not expressly limit the lien solely to cover assistance which results directly from the personal injury underlying the recipient's claim ". We agree that recovery by the Department of assistance payments to a recipient who was injured in an accident is not limited by the statute to assistance resulting directly from the accident. We are equally certain, however, that the absence of such a limitation does not thereby enlarge the definition of *assistance* to include moneys paid for the welfare of anyone beside the injured recipient. If there were no eligible children in her household, plaintiff would not have been given the AFDC benefits. If she had diverted any part of the allowance granted for the children to her own use, she would be subject to penal sanctions (Social Services Law, § 350-a, subd. 3). Her own conduct may not be used as a gauge to reduce or to eliminate the AFDC to which the *children* are entitled (*King* v. *Smith*, 392 U. S. 309). Although money she earned herself would have been used by her to support her minor children — as is presently the case and has been for several years — funds paid to her to compensate her for personal injuries, recovered in negligence litigation, do not provide the kind of fund that should be tapped to reimburse the Department for moneys paid to support and care for needy, dependent children. The parties do not raise the question of whether recovery of the medical assistance paid on plaintiff's behalf (or on behalf of the infant in *Marsh* v. *La Marco*, 46 A D 2d 888) is prohibited if the moneys used included Federal funds (U. S. Code, tit. 42, § 1396a, subd. [a], par. [18]). We rely on the reasoning in *Moore* v. *Nassau County Dept. of Public Transp.* (78 Misc 2d 1066, *supra*) to conclude that the prohibition does not apply where reimbursement for the medical care is sought from a third-party tort-feasor (45 CFR 250.31). In light of our holding that a mother is not a recipient of AFDC benefits given to her for her dependent children, but only a recipient for the amount of such benefits paid for her own assistance and care, the order should be reversed and the motion remitted to Special Term for a hearing and thereupon a determination of the amount, *if any*, that was paid to plaintiff for her sole benefit, in addition to the hospital bills Special Term allowed as a lien. Hopkins, Acting P.J., Martuscello, Latham, Shapiro and Christ, JJ., concur.