■ In the Matter of the Estate of THOMASINA FIGLIOLA, Deceased. JAMES REED, as Director of Monroe County Department of Social Services, Appellant; SANFORD R. SHAPIRO, as Executor of THOMASINA FIGLIOLA, Deceased, et al., Respondents.—Order affirmed with costs on the opinion of Monroe County Surrogate Telesca. All concur except Simons and Witmer, JJ., who dissent and vote to reverse the order and allow the claim in full in the following memorandum: In testatrix' lifetime appellant County of Monroe, through its Department of Social Services, advanced in excess of $11,000 in aid to testatrix' three dependent children and for medical assistance for them. It also gave public assistance to testatrix herself in the sum of $458.43. Upon her death, testatrix left no estate except a policy of insurance upon her life in the sum of $12,000 which was payable to her estate. Section 104 of the Social Services Law provides that a public welfare official may bring a proceeding against the estate of a person who received assistance and care during the preceding 10 years for himself or anyone for whose support he was liable. Relying on that statute the county made claim against this estate for reimbursement of its expenditures for testatrix and her children. In a very thoughtful opinion the Surrogate allowed the claim only to the extent of the assistance which the county had given directly to the testatrix, to wit, the sum of $458.43. The Surrogate held that the above statute should be interpreted as limited to assets which would not be distributable to testatrix' infant children. Although such decision bears the mark of a very human and compassionate Judge with a generous consideration for the interests of children, we do not believe that it comports with the law and the rights of the taxpayers. Clearly the county has a valid claim against testatrix' estate for the amount it advanced within the past 10 years to support testatrix' children.[*] As far as the estate is concerned there is no legal distinction between the county's claim for assistance furnished directly to the testatrix, which the Surrogate allowed, and the assistance which it gave for the benefit of the children. Both are estate debts and should be paid before any distribution is made to the children as distributees (EPTL 13-1.3). The Surrogate relied in part, by way of analogy, on subdivision 1 of section 104-b of the Social Services Law and the opinion in *Borsman v Mannix* (46 AD2d 885) interpreting it. That statute provides that where a recipient of public assistance has a right of action against another on account of personal injuries suffered by the recipient, the public welfare district which has furnished assistance to the recipient shall have a lien on the claim to the extent of assistance furnished from the date such injuries were incurred. In *Borsman* the court interpreted the statute as limited to public assistance

---

[*] Section 101 of the Social Services Law provides that the parent of a minor recipient of public assistance shall, "if of sufficient ability", be responsible for the support of such person. The quoted phrase does not serve to release a parent from responsibility for the support of his or her minor children even though the parent may not have been of sufficient financial ability to pay therefor at the time the assistance was given *(Kelly v Rockefeller,* 284 App Div 865; *Fuller v Galeota,* 271 App Div 155).

given to the recipient personally, and not including that given to his dependents. That interpretation of the statute affords no basis for restricting subdivision 1 of section 104 of the Social Services Law in such manner. In cases under subdivision 1 of section 104-b, the recipient is still living and presumably in continuing need of assistance. If he is not, then the financial recovery which he obtains for his injuries would become part of his general assets, and under section 104 of that law the public welfare official could bring an action against him requiring him to reimburse the county for aid supplied to his dependents. *Borsman* merely declined to expand the statute beyond its precise provisions. In *Matter of Colon* (83 Misc 2d 344) Surrogate Sobel carefully analyzed these sections and concluded (pp 350–351, 358–359) that assets payable to the estate of a parent, responsible for the support of her minor children who had received public assistance, were available to reimburse the Department of Social Services which supplied the assistance. The reasoning of that decision is fully applicable herein, and we adopt it. The reference in the Surrogate's decision to subdivision 2 of section 104 of the Social Services Law and the cases which hold that a county cannot recover from a minor for assistance paid for his support, if at the time that the support was advanced the minor did not have assets in excess of his reasonable needs, is not a pertinent consideration. The insurance policy in this case was not payable to the children, but to the estate. Thus, it is an estate asset, not an asset of the children (see *Matter of Colon, supra)*. Not until all estate debts are paid can it be determined whether there will be assets for distribution to the children, and if there are, they will only then become their property. It only tends to muddle and obscure the principles involved, to discuss the obvious fact that if the estate has no debts or administration expenses, assets which come into it will become distributable to the distributees and become their assets. Honoring the county's just claim is in no legal sense, "burdening of the children's shares with the amount of the claims". Incidentally, although the record does not show the ages of the children, it appears that at least one is in the Marine Corps and that they are all virtually adults. This is a case envisioned by the Legislature in its enactment of subdivision 1 of section 104 of the Social Services Law, and the claim of the County of Monroe should be allowed. Accordingly, we would reverse the order of the Surrogate and allow the claim in full. (Appeal from order of Monroe County Surrogate, in action to recover public assistance payments.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.