■ In the Matter of GWENDOLYN SCOTT, Petitioner, v BARBARA BLUM et al., Respondents.—Determination of Department of Social Services of the State of New York, dated December 11, 1978, affirming action of the Commissioner of the Department of Social Services of the City of New York ordering recoupment of public assistance annulled, on the law, without costs, petition granted, and matter remanded for further proceedings in accordance herewith. Petitioner receives public assistance in the category of Aid to Dependent Children from the New York City Department of Social Services (Agency) to supplement her employment income. In this article 78 proceeding she seeks to annul a determination of the State Commissioner of the Department of Social Services which affirmed action by the Agency to recoup alleged public assistance overpayments resulting from a failure to report the receipt of income tax refunds. At the fair hearing, it was agreed that petitioner received in May, 1978 income tax refunds that she applied to rent arrears without informing the Agency. Petitioner testified that she had reported on a form received by her from the Agency in late April or early May, 1978 that she had worked during the prior year and that she was filing an income tax return. The transcript then discloses the following: "MR. HART: (the fair hearing representative) Well, the letter you replied to has a statement in there, if answer to question two is yes, which it was, we wish to remind you that when you receive a tax refund, it's your responsibility to bring it in to the IM center as soon as possible. MS. SCOTT: I didn't get this letter. I got a letter—MR. HART: Yes. You did. You checked—you put these check marks on [unintelligible] and sent it back to the center and we received it in the mail on May 10." That ended the hearing. The determination of the State commission affirming the right of the Agency to recoup the income tax refunds was based upon an alleged violation of 18 NYCRR 348.4. That section authorizes such recoupment in accordance with 18 NYCRR 352.31 where there is evidence "in the judgment of the social services official * * * which clearly establishes that the applicant or recipient of public

assistance and care willfully withheld from such * * * social services department at the time of his application for public assistance and care, or any time thereafter, information about his income or resources, and as a result of withholding such information * * * the applicant or recipient has received * * * public assistance * * * to which he was not entitled in whole or part". (18 NYCRR 348.4.) Section 352.31 (subd [d], par [2]) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York in turn authorizes recoupment of prior overpayments from current assistance grants without regard to currently available income or resources where overpayments were occasioned by a willful withholding of information. Also pertinent is 18 NYCRR 352.31 (d) (3) which in substance permits recoupment to be made under the foregoing section only where the recipient was periodically notified of the obligation to report changes in income and resources and periodically acknowledged that the reporting obligations were called to his attention and were understood. The record is barren of any evidence whatever that petitioner willfully withheld required information about her income or resources from the Agency. The determination here challenged rests wholly upon the supposed contents of a form that was not introduced into evidence or, so far as the record shows, shown either to petitioner or to the hearing officer. Although it is true that administrative hearings are not bound by technical rules of evidence, we cannot agree that the statement of the fair hearing representative as to the contents of a document critical to the ultimate determination appropriately takes the place of the document itself. And even if his statement were to be considered an acceptable substitute, it fails to establish that in the form in question petitioner had acknowledged that the reporting obligations had been called to her attention and were understood. Moreover, it was improper to cut short petitioner's testimony with regard to this critical issue. Her opportunity to be heard was severely infringed. This failure seems to us particularly disturbing in view of the undisputed fact that the funds were applied to rent arrears and the obvious issue thereby presented as to whether petitioner was in fact acting willfully. For the foregoing reasons, the determination is annulled and the matter remanded for proceedings consistent herewith. Concur—Birns, J. P., Sandler, Bloom, Lane and Lupiano, JJ.