■ In the Matter of PAO CHING CHAN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of Department of Social Services of the State of New York, dated March 6, 1978, affirming action of the Commissioner of the Department of Social Services of the City of New York ordering recoupment of public assistance annulled, insofar as appealed from, on the law, without costs, petition granted, and respondents are directed to return to petitioner any sums recouped or withheld pursuant to the decision and determination of respondent Blum. Petitioner and her minor children have received public assistance in the category of Aid to Families with Dependent Children from the New York City Department of Social Services (Agency) since May, 1975. In this CPLR article 78 proceeding she seeks to annul a determination of the State Commissioner of the Department of Social Services which affirmed action by the Agency to recoup alleged public assistance overpayments resulting from a failure to report the receipt of retroactive Social Security benefits of $1,610.40, representing $536.80 to petitioner and $1,073.60 for two of her children. At the fair hearing, it was agreed that petitioner received in August, 1977, retroactive Social Security benefits of $1,610.40 which petitioner transferred to her sister in September to repay her . for prewelfare loans without informing the Agency. The determination of the State commissioner affirming the right of the Agency to recoup the Social Security payments was based upon an alleged violation of 18 NYCRR 348.4. That section authorizes such recoupment in accordance with subdivision (d) of section 352.31 of the title (18 NYCRR 352.31 [d]) where there is evidence "in the judgment of the social services official * * * which clearly establishes that the applicant or recipient of public assistance and care willfully withheld from such local social services department * * * information about his income or resources, and as a result of withholding such information * * * the applicant or recipient has received * * * public assistance * * * to which he was not entitled in whole or part". 18 NYCRR 352.31 (d) (2) in turn authorizes recoupment of prior overpayments from current assistance grants without regard to currently available income or resources where overpayments were occasioned by a willful withholding of information. Also pertinent is 18 NYCRR 352.31 (d) (3) which in substance permits recoupment to be made under the foregoing subsection only where the recipient was periodically notified of the obligation to report changes in income and resources and periodically acknowledged that the reporting obligations were called to her attention and were understood. (See *Matter of Scott v Blum,* 73 AD2d 512, 513.) The Court of Appeals has recently held that in the absence of a demonstration of lack of need, financial assistance to dependent children under the AFDC program may not be reduced on the basis of a parent's conduct. *(Matter of Gunn v Blum,* 48 NY2d 58; see *Matter of Mitchell v Toia,* 63 AD2d 890.) There is no demonstration of lack of need in the record presented herein. Accordingly, it was error to order recoupment of the $1,073.60 allocated to the children. As to the remaining $536.80, there is no substantial evidence that petitioner's failure to apprise the city department of social services of the retroactive Social Security payment was willful. Indeed, there is no evidence whatever in the record that petitioner, clearly shown by the record not to be literate in the English language, had been periodically notified of her obligation to report changes in resources or had periodically acknowledged her understanding of that obligation as the applicable regulations require before recoupment is autho-

rized without regard to currently available income and resources. Under the circumstances described, we perceive no basis for remanding for a new hearing to permit respondents to attempt to supplement this deficiency in the record. Concur—Sandler, J. P. and Carro, J; Silverman, J., concurs in a memorandum and Ross and Bloom, JJ., dissent in part in a memorandum by Bloom, J., as follows.

Silverman, J. (concurring). In addition to the reasons stated for its decision in the court's memorandum, I would stress the particular importance in this type of case of a final decision without remand, wherever possible. To begin with, it is obvious that disputes about amounts of public assistance should not have to linger. The present dispute has already lasted two and one-half years. In addition, the amount affected by the difference among the members of this court is $536. There has already been activity by the city department of social services, a "fair hearing" by the State Department of Social Services, and an appeal to this court. To remand this case for a further hearing as the dissenters suggest would require a hearing before the State Commissioner of Social Services, or his designee, and, if the commissioner again decides against petitioner, almost certainly a further appeal to this court. The State and city Departments of Social Services and their commissioners, the attorneys for both sides, and indeed the members of this court, are all paid by the taxpayers. We save the taxpayers money by a final decision denying recoupment rather than ordering further proceedings which can at most involve $536.

Bloom, J. (dissenting in part). We are all in agreement that the determination of the commissioner of social services rendered after a fair hering must be set aside. The sole issue which separates us is whether the question of limited recoupment of $536.80 should be remanded for a further hearing. I am of the opinion that such further hearing is required. 18 NYCRR 348.4 and 352.31 set forth the right to recoupment and the circumstances under which it may be sought. Under 18 NYCRR 352.31 (d) (2), recoupment is warranted where overpayments are the result of a "recipient's willful withholding of information concerning his income, resources, or other circumstances which may have affected the amount of the public assistance payment". Under 18 NYCRR 352.31 (d) (3) (i), the department must, as a condition to seeking recoupment, notify recipients periodically "in the form required by the department and not less frequently than semiannually, that *(a)* they must report changes in income, resources and other circumstances which may affect the amount of the public assistance grant to the local social services agency within 10 days after each change". It is undisputed that here petitioner received notice of her obligation to report with each check transmitted to her and that she failed so to report. The problem involved arises by reason of a possible language barrier. Petitioner testified at the fair hearing through a Chinese interpreter. Whether she understood English sufficiently to warrant a finding that she knew and understood her obligation to report remains open to question. Thus, in the circumstances here involved, mere failure to report does not establish that petitioner willfully withheld information which she was required to report *(Matter of Scott v Blum,* 73 AD2d 512; *Thomas v D'Elia,* 48 AD2d 868). Although the decision of the commissioner concludes that the petitioner willfully withheld information as to her resources which she was required to report to the department, the finding essential to the conclusion is missing. Accordingly, I would remand the proceeding to the department with instructions to hold such further hearing as may be necessary to determine whether petitioner

knew and understood that she was required to report the retroactive payment of supplementary Social Security benefits.