■ In the Matter of CORRANDA PECK, on Behalf of Herself and Her Infant Children, Petitioner, v JAMES R. VAN ALSTYNE, as Commissioner of the Columbia County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination by the State Department of Social Services which reduced petitioner's grant of aid to dependent children to recover an overpayment. Petitioner and her children receive public assistance benefits in the form of Aid to Families with Dependent Children (AFDC). She instituted this proceeding to annul a determination of the Commissioner of the New York State Department of Social Services which affirmed the local agency's determination to recoup alleged overpayments of benefits, including $282.25 representing one half the amount of a Federal income tax refund check which she had signed over to her husband. Previously, petitioner's husband, who had abandoned her and the children, signed over to petitioner their State refund check to enable her to make current past due payments on her mobile home. After a fair hearing, the State commissioner upheld the local agency's determination that petitioner had willfully withheld information regarding her financial

resources, for she had not reported receiving the Federal refund check until after having indorsed it over to her husband. Although income tax refund checks are an available resource which a public assistance recipient may be required to utilize to reduce the public assistance grant *(Matter of French v Blum,* 81 AD2d 936), recoupment may not be directed in the absence of a finding, supported by substantial evidence, that the recipient and her family would not suffer undue hardship as a result of the recoupment *(Matter of Navarro v Blum,* 74 AD2d 529). That criterion was not met, for the hearing officer's finding, adopted by the State commissioner, that undue hardship would not accrue was based on a concededly incorrect calculation of petitioner's weekly income. Her biweekly income of $50 per week was treated as her weekly income. This being the only evidence in the record supporting the finding as to undue hardship, substantial evidence was clearly lacking. Furthermore, children's AFDC benefits are not to be diminished or subjected to recoupment unless a lack of need is established and this is so despite the parent's conduct which may render the parent ineligible for such benefits *(Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Foster v Blum,* 71 AD2d 758). Here, the local agency, in reaching its determination, failed to make the prerequisite finding that the children's needs had been reduced. Viewing this proceeding in the manner we have makes it unnecessary to address the other issues raised. Determination annulled, with costs, and matter remitted to the Columbia County Department of Social Services for further proceedings not inconsistent herewith. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.