OPINION OF THE COURT
Sol R. Dunkin, J.
After the conclusion of the trial of this malpractice action on September 30, 1982, the jury found all three defendants liable and apportioned responsibility among them. According to the verdict sheet, the jury awarded plaintiff $150,000 for the injury itself, including pain and suffering and permanent effect of the injury, $30,000 for medical expenses and $432,000 for “custodial care, past and future”.
*572 Since there had been a stipulation entered into among the parties that the cost of past custodial care was $83,000, for which amount the Department of Social Services (hereinafter DSS) had filed a lien, and that the evidence at the trial demonstrated that future custodial care would amount to $36,000 per year for 12 years, for a total of $432,000, the plaintiff moved to set aside the verdict on the ground that the jury, in awarding $432,000 for past and future custodial care, omitted or forgot about the stipulated $83,000 for past custodial care. The court reserved decision on plaintiff’s motion. Thereafter, a settlement was reached among plaintiff and defendants whereby the defendants agreed to pay plaintiff an additional $50,000, making a total award of $662,000. DSS was not a party to this settlement.
The sole question left for the court’s determination is what portion, if any, of the amount recovered by plaintiff is subject to the lien of DSS. Although the court has already signed a compromise order, that order provides for the amount of the lien to be held in escrow by plaintiff’s attorney pending the court’s determination on this issue.
Relying heavily on the holding in Baker v Sterling (39 NY2d 397), plaintiff contends that the lien for medical services (hereinafter MA) may only be asserted against that portion of the verdict and settlement which represents a recovery for MA and only after deducting attorney’s fees from that portion of the award. DSS, on the other hand, argues that it is entitled to recover, in full, the amount it expended and that the entire verdict and settlement is subject to the lien; that even if it is not entitled to recover the amount of the lien out of the whole verdict and settlement, it would still be entitled to recover the entire amount expended, based upon the jury’s findings that past and future custodial care amounted to $432,000. DSS also claims that it would be improper to reduce the lien in order to apportion attorney’s fees.
The court’s determination herein must be made in light of the applicable statutes set forth in the Social Services Law. With respect to MA correctly paid, although section 369 (subd 1, par [a]) of the Social Services Law provides that “no lien may be imposed against the property of any *573 individual prior to his death on account of medical assistance paid or to be paid on his behalf under this title”, the section goes on to provide that “[n]othing contained in this subdivision shall be construed to alter or affect the right of a social services official to recover the cost of medical assistance provided to an injured person in accordance with the provisions of section one hundred four-b of this chapter.” (Social Services Law, § 369, subd 1.)
Section 104-b provides that if a recipient of public assistance has a right of action against another, on account of any personal injuries suffered by the recipient, then the public welfare official shall have a lien for an amount not to exceed the total amount of assistance and care furnished on and after the date when the injuries were incurred. This section has been held to be purely procedural with the agency’s right to recover subject to limitations imposed by section 104 of the Social Services Law. (Baker v Sterling, supra, p 405.)
Subdivision 1 of section 104 of the Social Services. Law states that a public welfare official may bring an action to recover the value of assistance given against a person discovered to have real or personal property if that person received assistance and care during the preceding 10 years. This right to recover is limited by subdivision 2 of section 104 of the Social Services Law, which provides that: “No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.”
It was to this limitation that the court, in Baker v Sterling (supra), addressed itself. The case held that everything recovered by an infant in an action for personal injury, except medical expenses paid for by another, is not “ ‘money or property in excess of his reasonable requirements.’ ” (Baker v Sterling, supra, pp 405-406.) Therefore, there is a necessity in an action involving an infant to determine the portion of the settlement or verdict which is for MA, since only that portion would be subject to recovery *574 by DSS. The determination in Baker v Sterling (supra) is, however, of no consequence in the case at bar since the statutory limitation of subdivision 2 of section 104 of the Social Services Law is clearly not applicable to an adult. In conclusion, the court finds that the entire amount of the verdict and settlement is subject to the lien of DSS.
With regard to attorney’s fees, inasmuch as there is no statutory provision which authorizes an apportionment of attorney’s fees upon recovery of a social services’ lien, this court cannot reduce the amount of the lien by awarding counsel fees for its collection. (See 1978 Atty Gen [Inf Opns] 119; see, also, Koutrakos v Long Is. Coll. Hosp., 47 AD2d 500, affd 39 NY2d 1026.) Although subdivision 9 of section 104-b of the Social Services Law provides that the lien created by the section shall be subject and subordinate to the lien for attorney’s fees, that statute merely permits the attorney to assert his right to payment before DSS. (See 1978 Atty Gen [Inf Opns] 119.) Moreover, the Rules of the Supreme Court, Appellate Division, Second Department, are clear in their intention to have payments made for liens charged to the client’s share of the recovery. In computing percentage of the amount due to an attorney, retained on a contingent fee basis, the rules provide that there should be no deduction for a lien for medical care. (22 NYCRR 691.20 [e] [3].) In addition, section 12 of the form provided in the rules for a closing statement requires an itemized statement of payments made for hospital, medical care or treatment, liens, assignments, claims and expenses on behalf of the client which have been charged against the client’s share of the recovery. (22 NYCRR 691.20 [b] [2].)
Accordingly, the court finds that the lien by DSS is enforceable against the total recovery of the plaintiff in this action and that lien shall not be reduced by apportioning attorney’s fees. Plaintiff’s counsel is therefore directed to turn over to DSS the amount held in escrow and the compromise order shall be resettled in accordance with the above decision of the court.