■ DEBRA FORMAN, Plaintiff, v JOEL A. FORMAN, Defendant. (Action No. 1.) WALLACE L. LEINHEARDT et al., Respondents, v JOEL FORMAN et al., Respondents, and DEPARTMENT OF SOCIAL SERVICES OF NASSAU COUNTY, Appellant. (Action No. 2.) — In an interpleader action (action No. 2), the defendant Department of Social Services of Nassau County appeals from so much of a judgment of the Supreme Court, Nassau County (Di Paola, J.), entered April 2, 1982, as denied it recovery of the sum of $12,303.31, representing aid to dependent children payments. Judgment affirmed insofar as appealed from, without costs or disbursements. The interpleader action was commenced to obtain direction as to the distribution of proceeds received from the sale of a former marital residence. The matter was submitted to Special Term on an agreed statement of facts pursuant to CPLR 3222. The only item in issue is a claim against the proceeds for sums of money paid by the Department of Social Services of Nassau County (hereinafter DSS) for public assistance benefits. Special Term held that the DSS has a lien against the fund created by the sale of the premises, but limited the lien to the assistance paid directly to the parties for their own benefit. The sum of $12,303.31 advanced as aid to dependent children was held to be nonrecoverable. The DSS has appealed from that portion· of the judgment which denied it recovery of the aid to dependent children. We affirm the judgment insofar as appealed from. The common-law rule precluding social service agencies from recovering benefits paid to recipients (*City of Albany v McNamara,* 117 NY 168) has been abrogated in certain specified instances (see, e.g., *Baker v Sterling,* 39 NY2d 397; *Marsh v La*

*Marco*, 75 Misc 2d 139 [Lazer, J.]). Among other things, the legislation now authorizes public welfare officials to bring an action to recover benefits against a person who was liable for the support of the public assistance recipient (Social Services Law, § 104, subd 1). Parents are individually liable for support payments made to their children under the age of 21 years "if of sufficient ability" (Social Services Law, § 101, subd 1; see, e.g., *Matter of Figliola,* 41 NY2d 1072, revg 51 AD2d 671 on dissenting mem at App Div 51 AD2d 671-672). It has been consistently held that a responsible relative is not liable for recoupment unless the agency can establish that "sufficient ability" existed during the period that the assistance was paid (*Matter of Dumpson v Cembalist,* 23 AD2d 647; *Matter of Liddle v Roberts,* 15 AD2d 620; *Whalen v Downs,* 10 AD2d 148; *Matter of Colon,* 83 Misc 2d 344, 348, 351 [Sobel, S.]). Because the DSS does not assert that Ms. Forman and her former husband could have supported their children at the time the aid to dependent children payments were made, and because both parents were receiving public assistance at the time, Special Term correctly held that it may not recover the aid to dependent children payments. Damiani, J. P., Titone, Mangano and Bracken, JJ., concur.