■ AMY RAHL, as Guardian ad Litem of MARGARET KANTA, Appellant, v HAYES 73 CORPORATION, Doing Business as PHYSICIAN'S HOSPITAL, et al., Defendants. DEPARTMENT OF SOCIAL SERVICES OF CITY OF NEW YORK, Respondent. — In an action to recover damages for medical malpractice, plaintiff appeals from so much of a resettled order of the Supreme Court, Queens County (Dunkin, J.), dated March 11, 1983, as directed payment of $83,176.91, plus any accumulated interest, to the Department of Social Services of the City of New York. Resettled order affirmed, insofar as appealed from, with costs. The instant appeal presents the question of whether or not the Department of Social Services (DSS) is entitled to recover the full amount it paid for medical assistance, and whether proportionate attorney's fees should be deducted from the amount DSS would otherwise be entitled to recover. The underlying

medical malpractice action resulted in a jury verdict which awarded plaintiff $150,000 for the injury itself, including pain and suffering and permanent effects of the injury, $30,000 for medical expenses, and $432,000 for "custodial care, past and future". At trial, the parties stipulated that the cost of past custodial care was $83,000, for which the DSS had filed a lien. The evidence showed that the cost of future custodial care would be $36,000 per year for 12 years, or $432,000. Plaintiff moved to set aside the verdict on the ground that the jury had neglected to include an award for past custodial care in the verdict. The court reserved decision, after which the parties reached a settlement which provided that defendants pay plaintiff $50,000 more than the jury verdict, for a total of $662,000. The DSS was not a party to this settlement. On appeal, plaintiff contends that the DSS' lien can be applied only to the $50,000 added to the verdict by the settlement, and that any amount recovered should be reduced by one third to compensate plaintiff's attorneys. We disagree. The jury awarded $432,000 for custodial care, past and future. There was no stipulation that the jury erred, or that the additional $50,000 constituted the sole award for past care. Consequently, both the amount the jury awarded for past and future care as well as the additional $50,000 are subject to the DSS' lien. Plaintiff may not deduct a proportionate share of attorney's fees from the amount of the DSS' lien. Liens are not deducted from the total award in computing attorney's fees (22 NYCRR 691.20 [e] [3]). Therefore, plaintiff is obligated to pay her attorneys their full contingent fee, computed on the basis of the entire award, including that portion of the award subject to the lien. Furthermore, subdivision 3 of section 104-b of the Social Services Law provides that the DSS is entitled to recover the amount of the lien. It does not provide for any deduction for attorney's fees. Consequently, there is no basis to require the DSS to pay a proportionate share of attorney's fees (see *Koutrakos v Long Is. Coll. Hosp.,* 47 AD2d 500, affd on opn at App Div 39 NY2d 1026). Bracken, J. P., O'Connor, Brown and Niehoff, JJ., concur. [117 Misc 2d 571.]