OPINION OF THE COURT
Jack J. Cannavo, J.
The petitioner, Rosamond Bird, formerly known as Rosamond King, has commenced a CPLR article 78 proceeding to obtain an order setting aside a determination of the respondents, Anita Romano as Commissioner of the Department of Social Services of the County of Suffolk and the County of Suffolk.
The petitioner alleges that during 1977 and 1978, she applied for home relief because she was abandoned by her husband. The respondents made payments to the petitioner in the approximate amount of $7,338.21. The vast majority of these moneys were advanced under “Aid to Dependent Children” (hereinafter referred to as ADC). The petitioner signed a bond and mortgage on her residence to secure the moneys advanced to her. The mortgagee is the Commissioner of Social Services.
The respondents have demanded the repayment of $7,338.21 in order to satisfy the bond and mortgage.
The Social Services Law authorizes the Commissioner to accept a mortgage on property for the assistance or care of a person (Social Services Law, § 106, subd 1; § 360).
*691 New York State has elected to participate in the Federal ADC program. The State is therefore obligated to comply with the applicable Federal regulations (Matter of Peck v Van Alstyne, 82 AD2d 927). To the extent that the Federal regulations differ from State law, the Federal regulations are controlling (Matter of Gandy v Blum, 84 AD2d 889).
The petitioner cites Borsman v Mannix (46 AD2d 885) to support her contention that ADC payments may not be recouped under section 360 of the Social Services Law. Borsman concerned a lien claimed by the Department of Social Services on the proceeds of settlement of an action under subdivision 1 of section 104-b of the Social Services Law. Subdivision 1 of section 104-b of the Social Services Law states, in part: “If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred.”
In Borsman {supra), the plaintiff welfare recipient was the mother of six children. The children were receiving ADC moneys. The plaintiff had been injured in an automobile accident, and the Department asserted a lien on the settlement proceeds pursuant to section 104-b of the Social Services Law. The court held “that plaintiff was not the recipient of the assistance given to her for the benefit of her minor children” {supra, at p 885). The court reasoned (p 885): “The AFDC money was not for her support, but for maintenance and care of the children. She was only the conduit through which its application to the children was administered. The Department may recover the amount of assistance and care paid to her for her sole benefit [cites omitted] but not the money paid for the children.”
The dissent in Matter of Figliola (51 AD2d 671, revd 41 NY2d 1072) further explained the result in Borsman {supra) stating (p 672): “In cases under subdivision 1 of section *692 104-b, the recipient is still living and presumably in continuing need of assistance. If he is not, then the financial recovery which he obtains for his injuries would become part of his general assets, and under section 104 of that law the public welfare official could bring an action against him requiring him to reimburse the county for aid supplied to his dependents.”
The Court of Appeals affirmed on the dissenting opinion.
The Borsman case simply refused to extend section 104-b beyond its “precise terms” (supra). This statute limits recovery only against the recipient of the public assistance. Section 360 of the Social Services Law specifically permits a mortgage to be given to the Social Services Department to secure aid advanced under ADC. No such section exists with regard to liens on settlements. Therefore Borsman is not controlling here.
However, more recently, the Appellate Division has refused to permit recoupment of proceeds advanced as aid to dependent children from the sale of a residence “unless the agency can establish that ‘sufficient ability’ [to support] existed during the period that the assistance was paid” (Forman v Forman, 96 AD2d 880, 881). In Forman, the Department of Social Services was not attempting to recoup pursuant to a mortgage. Here, the respondents have a duly executed mortgage on the property. The failure to allow the respondents to enforce this mortgage would render section 360 of the Social Services Law completely meaningless (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 73). Section 360 of the Social Services Law was specifically enacted under title 10 of article 5 of the Social Services Law — Aid to Dependent Children. If this court does not give legal effect to the mortgage herein the result would be judicial legislation. The purpose of this court is to “enforce the law, not to make it” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73, p 147).
While the State cannot, pursuant to controlling Federal regulations, deny ADC to a needy child if the parents refuse to execute a mortgage (Colon v Shang, 74 AD2d 559), or perform some other required act (Matter of Foster v Blum, 71 AD2d 758; Matter of Peck v Van Alstyne, 82 AD2d *693 927, supra), this court holds that it can demand satisfaction of a validly executed mortgage under section 360 of the Social Services Law.
The petitioner’s request for relief is denied. Judgment for the respondents.