OPINION OF THE COURT
Charles R. Newman, J.
This action involves a claim for personal injuries allegedly *305 suffered by plaintiff, Ruth Menter, when she fell on premises controlled by one or more of the named defendants on or about January 21, 1986. On March 18, 1987, the Wyoming County Department of Social Services filed a notice of lien pursuant to Social Services Law § 104-b to recover the sum of $9,587.19 from any proceeds recovered by plaintiff in this action. This amount represents Medicaid benefits provided for Ruth Menter after January 21, 1986. Plaintiff now moves for an order vacating this lien.
Plaintiff contends that no part of any recovery will be subject to the lien because she is not seeking an award for medical expenses. Counsel for plaintiff asserts that a lien under Social Services Law § 104-b may only be applied to damages awarded as reimbursement for medical or hospital expenses which had been paid by the Department of Social Services. It is further asserted that plaintiff would be foreclosed from recovering damages for such medical expenses at trial because CPLR 4545 (c) would allow the defendants to have any award for these expenses reduced by the amount of costs which were covered by the Department. The Department of Social Services contends that it is entitled to recover the full amount of its lien from any recovery obtained by an adult recipient of public assistance in an action for personal injury.
Social Services Law § 104-b (3) specifies that a lien for public assistance paid to a recipient who has a right of action for personal injuries "shall attach to any verdict, decision, decree, judgment, award or final order in any suit, action or proceeding in any court or administrative tribunal of this state respecting such injuries, as well as the proceeds of any settlement thereof, and the proceeds of any settlement of any claim or demand respecting such injuries prior to suit or action.” The only express limitation on the amount of such recovery is that it not exceed "the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred” (§ 104-b [1]). The section also exempts awards obtained pursuant to the Workers’ Compensation Law or the Volunteer Firefighters’ Benefit Law and subordinates the recovery to other specified liens.
This court is of the opinion that the statutory language is broad enough to authorize recovery for the full amount of the lien against any award obtained in the instant case since none of the statute’s specific limitations apply to the plaintiff.
Counsel for plaintiff relies upon case law to establish restric *306 tions upon the Department’s recovery. Two of the cited cases, however, involve recovery from an infant recipient of public assistance (see, Baker v Sterling, 39 NY2d 397; Simmons v Aiken, 100 AD2d 769). In Baker v Sterling (supra, at 404-405), the New York Court of Appeals held that the lien statute provides a means of recovery which is subject to the substantive right of recovery set forth in Social Services Law § 104. Since section 104 (2) only grants public welfare officials a right of action against infants "possessed of money and property in excess of his reasonable requirements”, the court held that the lien could only attach to "that portion of the award representing reimbursement for medical expenditures” which could be considered to be an infant’s excess property (Baker v Sterling, supra, at 405-406). Thus, the opinion did not impose any such restriction upon the right of recovery against adult recipients.
Social Services Law § 104 (1) authorizes a broader right of recovery for assistance granted to an adult recipient, based upon a theory of implied contract. The Department, therefore, may recover the full amount of assistance paid for plaintiffs benefit (see, Borsman v Mannix, 46 AD2d 885, 886; Rahl v Hayes 73 Corp., 117 Misc 2d 571, 574, affd 99 AD2d 529, lv denied 63 NY2d 609). Although plaintiff cites Matter of Rios (84 Misc 2d 437) as authority to the contrary, that decision is not binding on this court. Furthermore, that 1975 decision was partially premised upon the view that application of the lien statute was restricted to awards for medical expenses by Federal law (supra, at 440). This limitation was subsequently rejected by the Court of Appeals in Baker (supra, at 404; see also, Annotation, 80 ALR3d 772, 796-798).
Plaintiffs reliance upon CPLR 4545 (c) is also without merit. If plaintiff makes no claim for medical expenses, the statute would not apply and the defendants would not be able to introduce proof of reimbursement from a collateral source. This court is of the opinion that such proof would be barred even if a claim for such expenses was asserted because the statute excludes proof of indemnification from a collateral source "entitled by law to liens against any recovery of the plaintiff”. In any event, plaintiff’s election not to pursue such a claim may not be used to defeat the Social Services Department’s lien under Social Services Law § 104-b.
Therefore, it is hereby ordered that the motion is denied.