■ Lynn Belling et al., Appellants, v Department of Social Services of Nassau County, Respondent.—In an action, *inter alia,* for a judgment declaring that the defendant is not entitled to recover public assistance paid to the plaintiff Gail Belling's minor children in the form of Aid to Dependent Children from the proceeds of her sale of a former residence, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DiPaola, J.), dated June 30, 1987, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

On or about January 20, 1982, the plaintiff Gail Belling gave a mortgage on her residence to the defendant for "the sum of so much as has been advanced and will be advanced by the mortgagee for the relief of the mortgagor or for the benefit of the mortgagor and for the relief of relatives for whom the mortgagor is legally responsible or on account of the mortgagor's liability under the provisions of the Social Services Law

of the State of New York". Social Services Law § 360 (1) allows a department of social services, as a condition to the granting of aid or the continuance thereof, to accept a mortgage on the owner's property. On or about September 19, 1984, Gail Belling transferred title to her daughter Lynn Belling. Prior to selling the property in June 1986 she requested of the defendant a satisfaction of the mortgage, which the defendant refused to issue without payment of $46,307.09, the combined assistance rendered as Home Relief and in the form of Aid to Dependent Children. The plaintiffs commenced this action. It is the plaintiffs' position that the parent is not responsible for public assistance paid to her dependent children because at the time the funds were paid she was not of sufficient ability to pay for the children's support pursuant to Social Services Law § 101. The plaintiffs further argue that the execution of a mortgage does not give the defendant an automatic right to be reimbursed for funds paid to the dependent children, since Social Services Law § 360 makes acceptance of a deed or mortgage discretionary. They claim that the mortgage merely created the security for a yet to be determined debt or obligation. We find these contentions to be without merit.

The defendant here has a duly executed mortgage on the property pursuant to Social Services Law § 360 (1). Social Services Law § 360 (3) provides that "[t]he net amount recovered by the social services department from such property * * * shall be used to repay the social services district, the state and the federal government their proportionate share of the cost of aid to dependent children granted". Thus, the statute clearly authorizes the defendant to recover the assistance granted to the plaintiff Gail Belling's dependent children (see, Bird v Romano, 125 Misc 2d 690, 692), and it is under no obligation to establish as a prerequisite to the recoupment that the parent had sufficient means to support her children at the time the assistance was rendered (see, Mendelson v Transport of N. J., 113 AD2d 202, lv denied 68 NY2d 602; Matter of Imburgia, 130 AD2d 658). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.