■ In the Matter of STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v GREGORY E. DEATS, Appellant. —Order unanimously reversed on the law without costs and matter remitted to Steuben County Family Court for further proceedings, in accordance with the following memorandum: The Department of Social Services commenced these proceedings to recoup medical assistance payments associated with the birth of respondents' out-of-wedlock children. In the first proceeding, Family Court ordered respondent Deats to reimburse the agency for benefits totaling $3,029.72, of which $2,461.56 was paid on behalf of the mother. In the second, Family Court ordered respondent Landsborough to reimburse the agency for benefits totaling $2,062.57, of which $1,773.20 was attributable to care for the mother.

Family Court's orders must be reversed insofar as they require respondents to reimburse the agency for benefits paid on behalf of the mothers. The agency relies on Family Court Act article 5, which authorizes the court to require respondents to contribute to the mother's pregnancy, confinement and recovery expenses in accordance with respondents' means; however, the agency's authority to recoup medical assistance payments is governed by a distinct complex of Federal and State statutes and regulations. Such provisions do not permit the agency to recoup from an unwed father medical assistance benefits paid on behalf of the mother (see, 42 USC § 1396a [a] [17] [D]; [18]; § 1396p [b]; Social Services Law § 366 [3] [a]; § 369 [1] [b]; see also, 42 CFR 435.602 [a] [1], [2]). Those provisions preclude recoupment of medical assistance benefits against persons like respondents who are neither the spouses nor the parents of the recipients.

Although Family Court correctly directed respondents to reimburse the agency for benefits paid on behalf of their children, it erred in holding them liable for such expenses without considering their ability to pay at the time the expenses were incurred and without calculating their liability by applying Medicaid eligibility standards (see, Matter of Dabney, 104 AD2d 678, 679; cf., Forman v Forman, 96 AD2d 880, 881; Matter of Hackett v Haynes, 70 AD2d 1051, 1052). Since the records on appeal do not reveal what those stan-

dards are and do not contain information concerning respondent Landsborough's finances, the proceedings must be remitted to Family Court for calculation of the amount of respondents' liability. (Appeal from order of Steuben County Family Court, Purple, J.—child support.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.