SUSAN CAMPOS, PETITIONER-APPELLANT v. DAVID FLAHERTY, RESPONDENT-APPELLEE

No. 8818SC808

(Filed 21 March 1989)

**Social Security and Public Welfare § 2— overpayment of benefits to plaintiff's ex-husband—recovery from plaintiff improper**

A county social services agency could not recoup from plaintiff the AFDC overpayment made to her ex-husband merely because her dependent children were members of the father's assistance unit at the time the overpayment was made, and state and federal regulations which would allow recoupment from any member of the original assistance unit should be disregarded in favor of judicial interpretation of 42 U.S.C.S. § 602 which calls for recoupment from the individual applicant.

APPEAL by plaintiff, Susan Campos, from *Mills, Judge.* Judgment entered 14 June 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 February 1989.

Plaintiff was married to Peter Hans Januzys, the father of her four children. From August through December of 1986 plaintiff and her husband were separated and living apart and the four children lived with their father. From August through December of 1986 the father was a recipient of AFDC payments for the benefit of his four dependent children.

Sometime in 1987 three of the four dependent children moved in with plaintiff. In September 1987, plaintiff applied for AFDC payments for the benefit of her three dependent children now in her custody.

Also during 1987, the Guilford County Department of Social Services (county agency) learned that during August through December of 1986 the father had unreported income which when verified revealed that he had received an overpayment of AFDC benefits totaling $165.00 during 1986. The county agency was unsuccessful in its attempts to recoup the overpayment from the appellant's husband who was no longer a current AFDC recipient. In response to plaintiff's AFDC application, the county agency informed the plaintiff that the $165.00 overpayment made to the husband would be recouped from her AFDC check because three of the children who lived with the husband at the time of the overpayment were now living with her.

Plaintiff appealed the county agency decision to a state hearing officer. Relying on State AFDC regulations, the hearing officer found that both the federal and state regulations allowed recoupment from "[a]ny member of the original assistance unit," which "includes minors as well as adults" and affirmed the agency's decision in his opinion dated 3 February 1988. Pursuant to N.C.G.S. § 108A-79(k), plaintiff filed a petition for Judicial Review in Superior Court of Guilford County. In its 14 June 1988 order the Superior Court affirmed the decision of the hearing officer.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Martha K. Walston, for respondent appellee.*

ARNOLD, Judge.

Plaintiff contends that the federal statute which governs recoupment in AFDC overpayment cases does not allow recoupment from

plaintiff's AFDC benefits merely because her three children were members of the overpaid assistance unit, when her ex-husband, the overpaid recipient, is not a member of plaintiff's assistance unit. We agree.

The governing federal statute was amended in 1981 as part of the Omnibus Budget Reconciliation Act (OBRA), Pub. L. No. 97-35. 95 Stat. 357:

> 42 U.S.C.S. § 602 State plans for aid and services to needy families with children . . .

> (a) Contents. A State plan for aid and services to needy families with children⸳ must—

>     \* \* \* \*

> (22) provide that the State agency will promptly take all necessary steps to correct any overpayment or underpayment of aid under the State plan, and, in the case of—

> (A) an overpayment to an individual who is a current recipient of such aid (including a current recipient whose overpayment occurred during a prior period of eligibility), recovery will be made by repayment by the individual or by reducing the amount of any future aid payable to the family of which he is a member . . .

>     \* \* \* \*

> (C) an underpayment, the corrective payment shall be disregarded in determining the income of the family, and shall be disregarded in determining its resources in the month the corrective payment is made and in the following month. . . .

We are asked to decide whether the State's position, that the terms "individual who is a current recipient" in the statute refers to the dependent children who were in the custody of their father when the overpayment was made, is correct.

When interpreting federal statutes the United States Supreme Court has stated "that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108, 64 L.Ed. 2d 766, 772, 100 S.Ct. 2051, 2056 (1980). North Carolina courts are in accord, though our

courts place primary emphasis on discovering legislative intent. *Williams v. Williams*, 299 N.C. 174, 179-80, 261 S.E. 2d 849, 853 (1980). In addition, nontechnical statutory words are to be given a common and ordinary meaning. *Id.* at 180, 261 S.E. 2d at 854. "Statutes dealing with the same subject matter must be construed *in pari materia* . . . as together constituting one law . . . and harmonized to give effect to each." *Id.* at 180-81, 261 S.E. 2d 854 (citations omitted). "[W]hen a statute contains a definition of a word or term used therein, such definition, unless the context clearly requires otherwise, is to be read into the statute wherever such word or term appears therein." *Smith v. Powell, Comr. of Motor Vehicles*, 293 N.C. 342, 345, 238 S.E. 2d 137, 140 (1977).

Applying these rules of construction to the question at hand, the plain language of the statute speaks of "overpayment to an individual," and does not concern itself with overpayment to an "assistance unit" or to "dependent children." The statute speaks in the singular. It does not lend itself to an interpretation that it is directing recoupment at persons other than the recipient, the individual who is the payee of the benefits check, unless the payee is a member of the family from whom recoupment is sought.

The language in 42 U.S.C. § 602(22)(A) which allows recoupment "by reducing the amount of any future aid payable to the family of which he is a member" does not further the interpretation of the county agency. Parents, when separated and subsequently divorced, are not members of the same family. Plaintiff states in her affidavit that she and her husband have not lived as a family since August of 1986.

The statute describes the "individual" who receives the overpayment as a "recipient." In the accompanying definitions section, 42 U.S.C. § 606(b), the "recipient" is described as the one enabled "to pay for specific goods, services, or items recognized by the State agency as part of the *child's* need. . . ." (Emphasis added):

(a) The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death . . . or physical or mental incapacity of a parent. . . .

(b) The term "aid to families with dependent children" means money payments with respect to a dependent child or dependent children. . . .

An individual who is a "recipient" is an individual with custody of "needy children." Never does the statute refer to the innocent children as recipients themselves.

In addition to the plain language, and the clarity of the accompanying definitions sections, 42 U.S.C. § 602(22) sets out the procedure for recoupment when an individual payee, the father here, is no longer the current recipient:

> (B) an overpayment to any individual who is no longer receiving aid under the plan, recovery shall be made by appropriate action under State law against the income or resources of the individual or the family . . . .

Generally in cases concerned with recoupment of AFDC benefits, the applicant alone was treated as the "individual" who was the recipient. *See State of Kansas ex rel. Sec. of Social and Rehab. Services v. Fomby*, 11 Kan. App. 2d 138, 715 P. 2d 1045 (1986) (husband who was not recipient of or applicant for public assistance was not liable for alleged payments on theory of fraud); *Peck v. Van Alstyne*, 82 A.D. 2d 927, 440 N.Y.S. 2d 736 (1981) (no recoupment in the absence of substantial evidence that the recipient and her family would not suffer undue hardship); *Chan v. Blum*, 75 A.D. 2d 732, 427 N.Y.S. 2d 621 (1980) (recipient not shown to have received notice to update income); *Terry v. Harris*, 175 N.J. Super. 482, 420 A. 2d 353 (1980).

We note that the statutory scheme requires the state to place equal emphasis on correcting underpayments as well as overpayments to recipients. Were the State's interpretation of the statute to stand, it would mean that had there been an underpayment to the father here, the mother would be a correct payee for reimbursement, as she now has custody of the children. This is indeed an unrealistic scenario.

We are aware of both the federal and state regulations upon which the county relies:

> The State shall recover an overpayment from (1) the assistance unit which was overpaid, or (2) any assistance unit of which a member of the overpaid assistance unit has subsequently become a member, or (3) any individual members of the overpaid assistance unit whether or not currently a recipient.

45 C.F.R. § 233.20(a)(13)(B). *See* N.C. AFDC Manual § 2630 III, B, 2.a. We have given due consideration to the administrative interpretation of 42 U.S.C. § 602(22) set forth above. We do not agree with it, nor are we bound by it. When there is a conflict between administrative interpretation and the interpretation of the courts, the latter will prevail. *Faizan v. Grain Dealers Mutual Insurance Co.*, 254 N.C. 47, 57, 118 S.E. 2d 303, 310 (1961); *State ex rel. Utilities Comm. v. Thornburg*, 316 N.C. 238, 245, 342 S.E. 2d 28, 33 (1986). Finally, we reject the county's policy argument in favor of recoupment from dependent children who may have benefited from the overpayment.

The county agency may not recoup from plaintiff the overpayment made to her ex-husband merely because her dependent children were members of the father's assistance unit at the time the overpayment was made. The order of the trial court is

Reversed.

Judges JOHNSON and PHILLIPS concur.